No. 14343

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

NATIONAL GYPSUM COMPANY,

Plaintiff and Appellant,

-vs-

RICHARD I. "DICK" JOHNSON,

Defendant and Respondent.

Appeal from: District Court of the Fourth Judicial District,
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellant:

William George Harris, Missoula, Montana

For Respondent:

Turnage and McNeil, Polson, Montana

Submitted on briefs: March 29, 1979

Decided: JUN 1 1 1979

Filed: JUN 1 1 1979

*Thomas J. Kearney* Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff appeals from a summary judgment entered in defendant's favor in the District Court for Ravalli County.

Defendant Richard Johnson was the holder of a California contractor's license which permitted him to bid on and engage in certain types of construction work. He was also president of Pacific Plastering Corp., a California corporation which in its own right, held a contractor's license. A joint venture license was issued which allowed the two entities to "jointly submit . . . bid[s] or otherwise act in the capacity of a contractor." West's Cal. Bus. & Prof. Code, §7029.

The record does not disclose which contracting classifications could be separately performed. However, by combination, plastering, lathing and dry wall work could be done under a single bid. In addition, the joint venture license "provided greater and added financial stability which enable[d] Pacific Plastering to provide bonds", according to the affidavit of S. R. Murphy, General Manager of Pacific Plastering. Defendant agreed, but by affidavit said: "This license . . . was never actually utilized on or for any project in which I was involved to the extent of performance under contract."

Plaintiff, National Gypsum Co., is a dealer in building materials and transacted a substantial amount of business with Pacific Plastering through its subsidiary, Commercial Lathing Co. Over a period extending from December, 1970, to February 1971, plaintiff sold Pacific Plastering $40,254.67 worth of building supplies for use in various construction jobs. On April 2, 1974, a check payable to National Gypsum in the above amount was drawn on Pacific Plastering's general account. Because of nonsufficient funds, the check was not honored and the debt has remained unsatisfied.

Johnson retired in 1973 and moved to Hamilton, Montana, where he now lives. In July 1975, National Gypsum filed a complaint seeking to hold Johnson individually liable on the debt. Plaintiff's theory, both in District Court and on appeal, is that Johnson as a joint venturer with Pacific Plastering is personally responsible for the debt. After discovery and the filing of affidavits, summary judgment was granted in defendant's favor.

The sole issue before this Court is whether the District Court erred in finding that, as a matter of law, there was no joint venture between Johnson and Pacific Plastering.

> "The elements which are essential to a joint venture are commonly stated to be: (1) an agreement, express or implied among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control." Sumner v. Amacher (1968), 150 Mont. 544, 437 P.2d 630. The California definition is substantially similar. See e.g. Goldberg v. Paramount Oil Company (1956), 143 Cal.App.2d 215, 300 P.2d 329, 332.

Rule 56, M.R.Civ.P. has frequently been discussed by this Court. Upon motion, summary judgment will be rendered if:

> " . . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), M.R.Civ.P.

Thus, summary judgment is proper in this case only if, as a matter of law, there is no joint venture.

Included in the law pertinent to summary judgments is a principle announced in the following language:

> "The initial burden of establishing the absence of any genuine issue of material fact is imposed upon the moving party. Mustang Beverage Company, Inc. v. Jos. Schlitz Brewing Company (1973), 162 Mont. 243, 246, 511 P.2d 1. But where the record discloses no genuine issue of material fact, the party opposing the motion is required to produce evidence sufficient to raise a genuine issue of fact before the trial court.

" . . .

> "In light of Rule 56, M.R.Civ.P., the party oppos-
> ing a motion for summary judgment on a record
> which reveals no issue of material fact must
> present facts of a substantial nature. Conclu-
> sory or speculative statements are insufficient
> to raise a genuine issue of material fact." Barich
> v. Ottenstror (1976), 170 Mont. 38, 41-42, 550
> P.2d 395.

In addition:

> "When a motion for summary judgment is made and
> supported as provided in this rule, an adverse
> party may not rest upon the mere allegations or
> denials of his pleading, but his response, by
> affidavits or as otherwise provided in this rule,
> must set forth specific facts showing that there
> is a genuine issue for trial." (Emphasis added.)
> Rule 56(e), M.R.Civ.P.

The record in this case is barren of facts indicating that defendant joint ventured with Pacific Plastering in accordance with the license which allowed him to do so. Thus, this Court's inquiry must focus on the facts that plaintiff, as the opponent of the motion, has shown to exist.

In answer to an interrogatory asking plaintiff to disclose the proof it would rely on at trial in linking the joint venture license to the projects which underlie the debt, plaintiff replied it would "rely on the State of California License authorization power to allow Defendant to operate as a joint venture entity and upon its accounting records and documents to substantiate that the said [joint venture] license #255715 was involved in projects utilizing the materials and supplies [which are the subject of the debt]." Pursuant to a court order, the answer was supplemented to the effect that in addition to its own records plaintiff would rely on the testimony of certain contractors.

Much of plaintiff's brief is spent discussing the existence of the joint venture license and the authority of the State of California to issue such licenses. The mere issuance and procurement of such a license is insufficient to indicate that it was actually used or that a joint venture existed. A license is

- 4 -

a permit to do something. Blatz Brewing Co. v. Collins (1945), 69 Cal.App.2d 639, 160 P.2d 37, 39. Its possession is not the same as actually doing the authorized act. The records which plaintiff asserts show that the joint venture license was used indicate only that materials and supplies were sold to Commercial Lathing. No mention of a joint venture or any indication that it existed was included. The statement that certain contractors would testify to the existence of the joint venture is an unsupported conclusion.

In answer to defendant's interrogatories, plaintiff said the joint venture agreement between Johnson and Pacific Plastering was oral. Plaintiff was then asked to "give the date of the alleged agreement, place where the agreement was entered into, who the agreement was entered with, witnesses to the agreement, and substance of the agreement." The answer referred to a Dun and Bradstreet report. No particular segment of the report was cited as relevant; the portion which is closest to the mark reads: "Operates as lathing and plastering contractor under Calif License #135302-C35, performing work for general contractors on routine progress payments basis." License no. 135302-C35 refers only to the license held by Pacific Plastering. There is no mention of Johnson's license or the joint venture license.

None of the foregoing indicates the existence of any fact which could support plaintiff. His assertions are conclusions of law rather than indications of fact. As such they are insufficient to prevent summary judgment. Barich v. Ottenstror, supra; see also, Price v. Wrather (Tex.Civ.App. 1969), 443 S.W.2d 348, 349.

Affirmed.

_____
Chief Justice

- 5 -

We concur:

_Daniel J Shea_

_John C. Sheehy_

_John Conway Harrison_

_Gene B Daly_

Justices