No. 14260

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

THOMAS A. DOOLING, et al.,

        Plaintiffs and Appellants,

  -vs-

CHARLES PERRY, et al.,

        Defendants and Respondents.

---

Appeal from: District Court of the Fifth Judicial District,
            Honorable Gordon Bennett, Judge presiding.

Counsel of Record:

    For Appellants:

        Thomas A. Dooling, Dillon, Montana

    For Respondents:

        Poore, Roth, Robischon and Robinson, Butte, Montana

        Henningsen, Purcell and Genzberger, Butte, Montana

---

Submitted on briefs:  July 11, 1979

Decided:  AUG 1 3 1979

Filed:  AUG 1 3 1979

*Thomas J. Kearney*
                Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiffs Thomas and Margaret Dooling appeal from a summary judgment entered in favor of the defendants Streeter Brothers Insurance and Travelers Insurance Company (Travelers). The summary judgment was entered by the District Court, Fifth Judicial District, Beaverhead County, the Honorable Gordon R. Bennett presiding.

Thomas Dooling, an attorney, prepared a contract, dated October 4, 1975, to be executed by Charles E. Perry, d/b/a Perry Enterprises, a house-moving contractor. The contract provided for Perry to move a large log building from Jackson, Montana, to a new location in Beaverhead County approximately 40 miles distant. The original draft of the contract called for Perry to begin work on or about October 1, 1975. By interlineation, the date was amended to read October 13, 1975.

Paragraph 5 of the Dooling-Perry contract required Perry to (1) procure hazard insurance for the period of the move in an amount not less than $100,000; (2) pay the premiums thereon; and, (3) furnish Doolings with satisfactory proof of such coverage. Paragraph 10 of the Dooling-Perry contract required Perry to complete performance by November 27, 1975.

Perry's work was not started by October 13, 1975, and in fact was not completed by July 6, 1976.

Doolings received a letter from Streeter Brothers on December 1, 1975, confirming a transportation policy with Travelers. The letter lists Perry as the named insured and the Doolings as the additional insureds. The text of the letter reads as follows:

-2-

"Dec. 1, 1975

"Dear Mr. Dooling:

"This letter is confirmation of coverage with the Travelers Ins. Co. per our telephone conversation, for the transportation policy.

"Named Insured:    Charles Perry - dba
                   Perry Enterprises,
                   Livingston, Mont.
"Effective:  12/1/75 - Premium $2,000
"Add'l insured:  Tom Dooling, Dillon, MT.
"Coverages:  split in two sections:
              "$20,000 - 30 x 30') $100,000
              " 80,000 - 60' x 46')
              "Meeting all requirements, excluding
              earthquake.  (Per contract)
"Deductible:  $1,000

"Very truly yours,

"STREETER BROS., Inc.

"By:   /s/ Richard L. Hall
          "Richard L. Hall"

Pursuant to this letter, Travelers issued a hazard insurance policy to Perry. The policy lists "Charles R. Perry and Elsie H. Perry, d/b/a Perry Enterprises" as the named insured and Doolings as a loss-payees. The policy was effective from December 1, 1975 to March 15, 1976, a total of 105 days.

Although Doolings alleged that the log structure was damaged by collision or upset, which would have been within the coverage of the insurance policy, the Doolings refused at the summary judgment hearing to supply the District Court with any information as to the time of damage.

The original complaint contained a breach of contract action against Perry as a sole dependent. On December 2, 1976, Doolings filed an amended complaint adding Streeter Brothers and Travelers as defendants. Doolings claimed both Streeter Brothers and Travelers were negligent in (1) failing to provide the insurance coverage specified in the Dooling-Perry contract; (2) in failing to notify the Doolings of the expiration date by supplying them with a

-3-

copy of the insurance contract; and (3) in issuing the policy after the casualty occurred.

Streeter Brothers and Travelers each filed a motion for summary judgment, and on December 29, 1977, the District Court issued an order granting summary judgments in favor of these defendants. The District Court could not ascertain any duty in contract or in tort running from either Streeter Brothers or Travelers to Doolings.

The only question presented for review is whether there is any genuine issue of material fact which would preclude summary judgment in favor of either Streeter Brothers or Travelers.

In their first claim of negligence, Doolings claimed Streeter Brothers and Travelers were negligent in not issuing a policy that conforms to the Dooling-Perry contract.

This contention is without merit. The insurance policy issued is in the amount required by the Dooling-Perry contract. Similarly, the policy issued covers all the perils contemplated by the Dooling-Perry contract.

Moreover, the Dooling-Perry contract contemplates performance within 45 days. The policy issued covers a period of 105 days. It would be absurd to hold either Streeter Brothers or Travelers negligent in not issuing a policy specifically covering the period of October 13, 1975 to November 27, 1975, the date contained in the Dooling-Perry contract. If this were the case, Perry would have paid premiums for no coverage at all. Perry did not begin performance by October 13, 1975, as originally contemplated by the Dooling-Perry contract.

Doolings secondly claimed Travelers was negligent in failing to notify the Doolings of the expiration date by supplying them with a copy of the insurance contract.

-4-

For an understanding of this issue, it is necessary to consider the state of the pleadings before the District Court at the time of summary judgment. In their fifth pleaded claim, the plaintiffs contended that Travelers "negligently failed to provide the insurance coverage specified in the [Dooling-Perry] contract" and bargained for by Perry with Streeter Brothers. In their sixth pleaded claim, the plaintiffs claimed a verbal binder agreement that required Travelers to issue the "casualty insurance bargained for," and that Travelers did not issue the policy until after the casualty occurred.

As we have indicated above, the policy issued by Travelers does in fact provide the coverage bargained for between the Doolings and Perry in their written contract. The policy term is for 105 days, which is far more than the 45 days specified in the Dooling-Perry contract. The Doolings, therefore fail in their contention that Travelers was negligent in not issuing a policy specified in the Dooling-Perry contract.

There is no proof in the record (and it was plaintiffs' duty to supply such proof) of a <u>verbal</u> binder agreement. Instead, we have a <u>written</u> binder agreement which we have quoted above. The <u>written</u> binder does not mention a termination date, but since it was written to conform with the Dooling-Perry contract, there is no basis to assume any term longer than the March 15, 1976 expiration date was required or agreed upon at the time of the issuance of the written binder.

Section 35-15-42, MCA, does require an insurance carrier to issue a copy of its policy to those with an insurable interest as specified in the statute. Conceivably, Travelers had a duty to issue a copy of its policy here to the Doolings. What is missing in this record, however, is any showing by the

-5-

Doolings that the failure of Travelers to issue a copy of the policy to them materially affected their right of recovery against Travelers or Streeter Brothers. The Doolings refused to inform the District Court when the mishap which damaged the log structure occurred. If it happened after March 15, 1976, beyond the expiration date of Travelers' policy, Doolings would have no right to recover against Travelers or Streeter Brothers unless Doolings were prepared to prove some agreement with them outside the insurance policy and outside the written binder. In that case, the action should have been for reformation, and breach of the reformed contract, rather than for negligence in failing to issue a copy of the insurance contract. Although the District Court extended the opportunity to the Doolings, they did not show or offer to show that a genuine issue of material fact existed which hinged on the nondelivery of a copy of the insurance policy. Rule 56, Mont.R.Civ.P., contemplates only issues of material fact. If the fact issue is not material to the claim or defense, the District Court has no authority under the rule but to order summary judgment as a matter of law.

If the casualty to the log structure occurred before March 16, 1976, a different situation would obtain. Coverage under the policy might possibly exist. It was for this reason that the District Court strove to ascertain from Doolings when the damage happened, or whether Doolings intended to prove the insurance contract was open-ended as to time. Although Doolings stated they intended to prove open-endedness, they put forth no showing, by testimony, discovery, or otherwise, that a material fact issue existed on this point. It was incumbent upon them to do so. The District Court had little choice but to hold against the Doolings on this contention.

Finally, the Doolings claimed Travelers was negligent in issuing the policy after the casualty occurred. This claim is

also without merit.  The policy issued conforms to the contract it was extended to cover, regardless of its issue date.

While the initial burden of proof upon a motion for summary judgment attaches to the movant, that burden shifts where the record discloses no genuine issue of material fact. Under these circumstances, the party opposing the motion must present facts in proper form raising the issue, see National Gypsum Co. v. Johnson (1979), _____ Mont. _____, 595 P.2d 1188, 36 St.Rep. 1033; Harland v. Anderson (1976), 169 Mont. 447, 451, 548 P.2d 613, 615.

A District Court is under no duty to anticipate later proof to establish a genuine issue of material fact.  Taylor v. Anaconda Federal Credit Union (1976), 170 Mont. 51, 550 P.2d 151.

Streeter Brothers and Travelers were entitled to judgment as a matter of law, and the District Court properly granted their respective motions for summary judgment.

Plaintiffs' cause of action remains for decision as to the defendant Perry.  The judgment as to Streeter Brothers and Travelers is final and properly appealable, since the District Court directed entry of final judgment for them under Rule 54(b), Mont.R.Civ.P.

Affirmed.

_____
                    Justice

We Concur:

_____
      Chief Justice


_____

_____
         Justices

-7-