No. 14826

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

WILBUR H. REINKE and OMA J. REINKE,

      Plaintiffs and Counter-Defendants,

  vs.

FRANK MILLER BIEGEL and JOYCE E. BIEGEL,

      Defendants and Counter-Claimants and Appellants.

_____

Appeal from:  District Court of the Thirteenth Judicial District,
           Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

    For Appellants:

        Hauf and Forsythe, Billings, Montana

    For Respondents:

        Mouat and Martinson, Billings, Montana

_____

                Submitted on briefs: October 30, 1979

                        Decided: DEC 27 1979

Filed: DEC 27 1979

_____
                           Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Frank Miller Biegel and Joyce E. Biegel, the purchasers of two lots from Wilbur H. Reinke and Oma J. Reinke under a contract for deed, bring this appeal from a final judgment of the District Court of the Thirteenth Judicial District, Yellowstone County, sitting without a jury. The judgment terminated a contract for deed between the parties, declared a forfeiture of the down payment made by the purchasers, quieted title in favor of the sellers, and was entered upon a finding that the purchasers were in default for failure to make timely payment under the contract. The District Court's judgment also denied the purchasers' counterclaim for damages or injunctive relief based on the sellers' alleged breach of the contract for deed by violation of a restrictive covenant and awarded reasonable attorney fees to the sellers.

On February 15, 1974, Reinkes and Biegels entered into a contract for deed whereby Biegels were to purchase from Reinkes Lots 15 and 16 of Block 2 in the Heyn Subdivision in Yellowstone County. Biegels paid $200 in earnest money under the contract which provided that a warranty deed for each lot be placed in escrow and that Biegels would obtain a deed for each lot upon payment of $3100 plus 8 percent per annum interest for each lot before the due date, December 31, 1975. The contract further provided that default would be entered against the buyer after 30 days notice and that time was of the essence. Biegels paid in full for Lot 16 sometime in December 1975 before the due date, obtained a deed to that lot, and completed construction of a home thereon in September 1976.

Reinkes and Gertrude V. Heyn prepared, filed and duly recorded an amended declaration of restrictions with the subdivision plat of the Heyn Subdivision on April 24, 1973. The restrictive covenants provided, among other things, that "no building shall be located and erected nearer than 30 feet to the front lot line." The declaration of restrictions further provided that it was binding upon all heirs, assigns, devisees and parties claiming through them, and that failure by the present property owners to enforce the restrictions at the time of any violation thereof would not be deemed a waiver of that right.

Reinkes desired to build a house on Lot 14, which they had not sold and which was adjacent to Lot 15, the property subject to this contract for deed. They began building a house on Lot 14 on October 1, 1974 and completed construc--tion in the early part of 1975. The house was set back approximately 20 feet from the front line, rather than 30 feet as required by the declaration of restrictions which Reinkes had prepared and filed. Reinkes did not attempt to amend this setback requirement by obtaining the signatures of 80 percent of the owners within the subdivision as pro-vided for in the restrictive covenants. Instead, they sought and obtained a variance of zoning restrictions from the City-County Planning Board of Yellowstone County on November 8, 1974, allowing them to build with a setback of only 20 feet from the front property line. A notice of the variance was posted on Lot 14 on the same date. Reinkes completed construction of the Lot 14 house in the early part of 1975.

Biegels failed to pay the balance of the purchase price of Lot 15 by the due date, December 31, 1975, and failed to

cure the default within 30 days after receiving notice as required under the contract for deed. Notice of default was served on February 18, 1976. On April 14, 1976, 25 days after the time for curing their default under the contract had expired, Biegels offered to pay the $3100 contract price for Lot 15. This offer was refused by the Reinkes, and Lot 15 remained vacant and unimproved to the time of trial with Reinkes paying the property taxes. Reinkes commenced an action on August 24, 1977 to quiet title and to terminate and forfeit the contract for deed because of Biegels' default. Biegels raised the affirmative defense of breach of contract and counterclaimed for damages to Lot 15 or for injunctive relief based on Reinkes' breach of the contract for deed, i.e. the breach of the restrictive covenant running with the land, which rendered Reinkes unable to perform the contract for deed to convey to Biegels the lot in the condition it was represented to be when the contract was entered into.

The District Court made a conclusion of law that:

"Defendants failed to make timely payment under the Contract for Deed as to Lot 15, Block 2, Heyn Subdivision, and were in default thereunder as to Lot 15, Block 2 at the time plaintiffs notified them in writing of the default. Defendants failed and refused to remedy the default within the time provided by the contract or at all, and any rights they might have acquired by the contract became forfeited by reason of their failure to cure the default in a timely manner."

On March 13, 1979, the District Court entered judgment in favor of Reinkes and denied Biegels' counterclaim.

The parties in their briefs have failed to address the threshold issue involved in this appeal--that is, where lots within a legal subdivision are sold pursuant to a contract

for deed, does the sellers' breach of a restrictive covenant, occurring prior to the contracted due date and relating to a thirty foot setback requirement on sellers' adjacent lot, excuse the buyer from his duty to make payment by the due date so that his right to recover damages is not precluded by his failure to make such payment?  Because our answer to that question is in the negative, we must affirm the judgment of the District Court.

Appellants contend that the recorded restrictive covenants were incorporated into the contract for deed between the parties and that their contract was made subject to those provisions so that a violation of the setback requirement by the sellers was a breach of contract.  While the contract for deed did not expressly refer to the declaration of restrictions applicable to the Heyn Subdivision previously filed and recorded by the sellers, it did make reference to the recorded plat of the Heyn Subdivision.  Furthermore, the declaration of restrictions provided that:

> "The restrictions herein set forth shall run
> with the land and bind the present owners,
> their heirs, and assigns, and all parties
> claiming by, through or under them . . ."

It is unnecessary, however, to decide whether or not the restrictive covenants became a part of the contract for deed between the parties to this appeal.  We reach this conclusion because even if we assume that the restrictive covenants were incorporated into the contract for deed, the promises contained in the restrictive covenants are <u>independent</u> of the other promises in the contract for deed.  In particular, they are independent of the promise to make payment by the due date.  Therefore, Reinkes' breach of the thirty foot setback requirement on their lot adjacent to the

-5-

one being sold, which occurred before the date payment was due under the contract, did not excuse Biegels' obligation to make payment by the due date. Biegels could not stand on their contract for deed and counterclaim for damages for breach of the restrictive covenant as a part of the contract for deed without fulfilling their obligation to make payment by the due date.

The rights created by restrictive covenants are contractual rights. Sheridan v. Martinsen (1974), 164 Mont. 383, 523 P.2d 1392, 1395. Assuming that the restrictive covenants contained in the recorded declaration of restrictions became incorporated into the contract for deed by reference, the governing rule is stated in O'Conner v. Whitesitt (1948), 121 Mont. 257, 193 P.2d 365, 366:

> "Plaintiff's claim of right to have a rescission of his contract because of defendant's removal of about $75 worth of lumber and building materials from the premises for which plaintiff had contracted to pay $5,800 cannot be sustained. This breach of agreement by the defendant went to only a very small part of the consideration and could easily be compensated in damages. It cannot therefore constitute a ground for rescission of plaintiff's contract.

> "In Johnson v. Meiers, Mont., 164 P.2d 1012, 1014, we quoted with approval the following from 12 Am.Jur., 'Contracts,' section 440: 'It is not every breach of a contract or failure exactly to perform--certainly not every partial failure to perform--that entitled the other party to rescind. A breach which goes to only a part of the consideration, is incidental and subordinate to the main purpose of the contract, and may be compensated in damages does not warrant a rescission of the contract; the injured party is still bound to perform his part of the agreement, and his only remedy for the breach consists of the damages he has suffered therefrom. A rescission is not warranted by a mere breach of contract not so substantial and fundamental as to defeat the object of the parties in making the agreement. Before partial failure of performance of one party will give the other the right of rescission, the act failed to be performed must go to the root of the contract or

the failure to perform the contract must be in respect of matters which would render the performance of the remainder a thing different in substance from that which was contracted for.'" (Emphasis added.)

For statements to the same effect, see 17A C.J.S. Contracts §344 at 334: "When a covenant goes only to part of the consideration on both sides and a breach may be compensated for in damages, and it is only subordinate and incidental to the main purpose of the contract, it is to be regarded as an independent covenant unless this is contrary to the expressed intent of the parties"; and 17A C.J.S. Contracts §453 at 571: "A party's failure to perform an independent stipulation of a contract does not bar his right to recover for the other party's breach or excuse such other party from performing the stipulations made by him."

The same rule is stated in 17 Am.Jur.2d Contracts §355 at 792:

> ". . . where the contract is executory on both sides, the obligation of one of the parties to perform frequently depends on whether the mutual promises are dependent or independent. If the promises are independent of each other, a party must perform his part of the contract when the time for performance has arrived, irrespective of whether the other party has performed his obligation. . ."

See also Nolan v. Lunsford (1940), 142 Fla. 671, 196 So. 193, 128 A.L.R. 649, where the court considered a similar issue--namely, whether or not performance by a vendor of his covenant to make improvements was a necessary condition to his right to foreclose on the contract. In discussing the nature of dependent and independent covenants, the court stated:

> "An independent covenant is one which goes only to a part of the consideration on both sides and a breach of which may be paid for in damages . . .

"In determining whether covenants are dependent
or not, the intention of the parties is sought
for and regarded in the light of all the circum-
stances evidenced by the contract.  The court
will consider whether the acts contemplated by
the covenants are subordinate and incidental or
whether they go to the entire consideration. . ."
Nolan, 196 So. at 197.

Applying these principles to the present case, it is
clear that the restrictive covenant relating to a 30 foot
setback requirement was incidental and subordinate to the
main purpose of the contract for deed and that the sellers'
breach went at most to only a part of the consideration.
The primary consideration in a contract for deed is the
sellers' delivery of a deed in exchange for the buyers'
payment of the purchase price.  The sellers' breach of the
restrictive covenant was not so substantial and fundamental
as to defeat the object of the parties in making the con-
tract for deed.  Therefore, under the rule announced in
O'Conner and the other authorities cited above, Biegels, the
parties injured by the Reinkes' breach of the restrictive
covenant, were still bound to perform their part of the
agreement by tendering payment of the purchase price on or
before the due date.  Having failed to do so, they cannot
now stand on the contract and recover damages.  The District
Court properly declared a forfeiture and denied appellants'
counterclaims.

Because the issue discussed is dispositive of this
case, it is unnecessary to consider the other issues raised
by the parties, such as the effect of asking the City for
zoning variance, etc.

The judgment of the District Court being fully supported
by the evidence is affirmed.

_____
                    Justice

-8-

We concur:

_____
Chief Justice

_____

_____
Justices