No. 80-90

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

HERMAN H. VAN UDEN et al.,

Plaintiffs and Appellants,

vs.

STANLEY C. HENDRICKSEN, et al.,

Defendant and Respondent.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Ravalli.
Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellants:

John M. McRae, Hamilton, Montana

For Respondent:

Recht and Greef, Hamilton, Montana

Submitted on briefs: July 22, 1980

Decided: AUG 18 1980

Filed: AUG 18 1980

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiffs appeal from a decision of the District Court of the Fourth Judicial District, Ravalli County, which granted partial summary judgment against plaintiffs and denied a motion for summary judgment against defendants in a contract for deed dispute.

Plaintiffs Herman H. VanUden and Delores M. VanUden purchased real property on a contract for deed from defendants Stanley C. Hendricksen and Maxine J. Hendricksen. Restrictive covenants affecting the property were recorded prior to the time of signing a contract for deed. Plaintiffs initiated this action to remove the effect of the covenants from their property.

The events leading to this dispute are as follows: On October 13, 1974, the parties signed an earnest money agreement on which the following language was handwritten:

"Restrictions are against raising pigs or ofensive [sic] business such as wrecking yard, slauter [sic] house, etc."

On October 15, 1974, a contract for deed was drawn which included the following language:

"The buyers agree to comply with covenants placed on the property and recorded with the Clerk and Recorder of Ravalli County. . . ."

The contract for deed was not signed on October 15, 1974.

On October 18, 1974, restrictive covenants were filed affecting the real property in question and other real property in defendants' development.

On October 28, 1974, the contract for deed and notice of purchaser's interest were signed by the parties before a notary public. The notice of purchaser's interest was recorded on the same day.

On June 20, 1978, defendants sent a notice of default to plaintiffs enumerating specific covenants of the filed restrictive covenants that were deemed to be violated by plaintiffs.

On September 14, 1978, plaintiffs filed suit asking that the covenants filed against the property be declared not applicable. On December 15, 1978, in response to the complaint filed by plaintiffs, defendants filed an answer and counterclaim. The counterclaim alleged breach of covenants as set forth in the notice of default and sought cancellation of the contract pursuant to the terms of the contract.

Cross-motions for summary judgment and for partial summary judgment were filed by the parties and argued before the District Court. On December 7, 1979, the District Court found (1) that plaintiffs had notice of the covenants recorded on October 18, 1974, and (2) that the earlier document was merged into the later on all terms covered in both. Defendants' motion for partial summary judgment was granted, thereby dismissing plaintiffs' complaint. The court also denied plaintiffs' motion for summary judgment and left defendants' counterclaim still at issue to be tried at a later date. Plaintiffs appeal.

Two issues are presented by plaintiffs: Whether the District Court was correct (1) in granting defendants' motion for partial summary judgment, and (2) in denying plaintiffs' motion for summary judgment.

Rule 56(c), M.R.Civ.P., provides that summary judgment shall be rendered if:

> ". . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The purpose of Rule 56 is to promptly dispose of actions that do not present genuine issues of material fact. This procedure eliminates unnecessary trial delay and expense. Bonawitz v. Bourke (1977), 173 Mont. 179, 567 P.2d 32; Silloway v. Jorgenson (1965), 146 Mont. 307, 406 P.2d 167.

This Court has held that the burden of proof is on the moving party to show he is entitled to summary judgment. Audit Services, Inc. v. Haugen (1979), ___ Mont. ____, 591 P.2d 1105, 36 St.Rep. 451; Harland v. Anderson (1976), 169 Mont. 447, 548 P.2d 613. This burden is satisfied when the moving party shows the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitles him to judgment as a matter of law. Kober v. Stewart (1966), 148 Mont. 117, 417 P.2d 476. In other words, the moving party must make a showing that is quite clear what the truth is and exclude any real doubt as to the existence of any genuine issue of material fact. Kober, supra.

We find that defendants have met that burden. The validity and genuineness of all the documents in question were admitted by both parties. The signatures and dates of the documents were admitted. The recording dates of the documents were admitted. These documents, therefore, stand for themselves. The District Court correctly granted summary judgment.

Plaintiffs argue that they were not provided with either constructive or actual notice of the restrictive covenants prior to their signing of the contract for deed and were, therefore, unaware of the additional burden on the property. We find to the contrary. Plaintiffs had at least constructive notice of the restrictive covenants.

Plaintiffs argue that the earnest money agreement list of restrictive covenants applicable to the property was exclusive. They claim they were unaware of any additional covenants. Our reading of the earnest money agreement does not support that conclusion. The agreement reads not as an exclusive listing but as examples of the type of covenants that are to be found on the property. The words "such as" and "etc." clearly indicate that the parties intended that these were not the exclusive listings. Further, the contract for deed refers to restrictive covenants on record-- not covenants of the earnest money agreement. The contract for deed stated, "[t]he buyers agree to comply with covenants placed on the property and recorded with the Clerk and Recorder of Ravalli County. . ." (Emphasis added.)

The contract placed the parties on notice that in fact restrictive covenants were on file. Inquiry should have been made to determine the specifics of the restrictive covenants. It is the obligation of purchasers of real property to check the record to determine whether there are restrictive covenants on the property. The contract for deed was executed on October 28, 1974. The covenants were filed on October 18, 1974. Ten days lapsed between the time of the filing of the covenants and the signing of the contract. The contract made reference to these covenants. All of the parties had constructive notice.

"Every conveyance of real property acknowledged or proved and certified and recorded as prescribed by law, from the time it is filed with the county clerk for record, is constructive notice of the contents thereof to subsequent purchasers and mortgagees." Section 70-21-302(1), MCA.

". . . 'conveyance' . . . embraces every instrument in writing by which any estate or interest in real property is . . . encumbered

-5-

or by which the title to real property may be affected . . ." Section 70-21-301, MCA. (Emphasis added.)

This definition of a conveyance of real property is sufficiently comprehensive to include the restrictions placed on the real property which is the basis of the present controversy. Kosel v. Stone (1965), 146 Mont. 218, 404 P.2d 894.

> "An instrument is deemed to be recorded when, being duly acknowledged or proved and certified, it is deposited in the county clerk's office with the proper officer for record." Section 70-21-209, MCA.

> "Once an instrument is recorded as prescribed by law, it imparted constructive notice of its contents to a subsequent purchaser of the property." Guerin v. Sun Burst Oil and Gas Co. (1923), 68 Mont. 365, 218 P. 949, 951.

Plaintiffs' failure to inquire into the record does not excuse them of their obligations here. Constructive notice is imputed by the recording statute. We find that the length of time between the filing of the restrictive covenants and the signing of the contract for deed was sufficient to give plaintiffs a reasonable opportunity to make an inquiry.

The initial burden of proof on a motion for summary judgment attaches to the movant. That burden shifts where the record discloses no genuine issues of material fact. The party opposing the motion must present facts in proper form raising the issue. Dooling v. Perry (1979), ___ Mont. ___, 600 P.2d 799, 36 St.Rep. 1518; National Gypsum Co. v. Johnson (1979), ___ Mont. ___, 595 P.2d 1188, 36 St.Rep. 1033; Harland v. Anderson, supra. The party opposing the motion must come forward with substantial evidence raising the issue. Rickard v. Paradis (1975), 167 Mont. 450, 539 P.2d 718; Roope v. Anaconda Company (1972), 159 Mont. 28, 494 P.2d 922. The facts must be in proper form and conclu-

sions of law will not suffice. The opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy or merely suspicions. Silloway v. Jorgenson, supra. Once the burden has shifted, the party opposing the motion is held to a standard of proof which is as substantial as that initially imposed upon the moving party. Harland v. Anderson, supra.

Plaintiffs have not sustained their burden of proof by alleging any facts that raise an issue of material fact. Plaintiffs have alleged that the filed covenants were other than what they expected, but nowhere have they alleged or shown by affidavit or by other means of submitting proof that the earnest money agreement or contract for deed is invalid, ambiguous, imperfect or mistaken. Plaintiffs have also failed to show by affidavit or otherwise that in fact the restrictive covenants were not recorded prior to the signing of the contract for deed.

Finding defendants' motion for partial summary judgment properly granted, we now consider the denial of plaintiffs' motion for summary judgment. Defendants allege in their counterclaim a breach of contract by violation of the covenants contained therein. Plaintiffs deny violation of the covenants. Defendants have provided affidavits which allege facts that would establish, if proved, a violation of the covenants. The facts alleged before the District Court were in dispute, and the District Court refused to grant plaintiffs' motion for summary judgment. Plaintiffs did not dispute the existence of an issue of material fact but argued that summary judgment should have been granted because the remedy sought by defendants was allegedly improper.

-7-

Defendants counterclaimed to the complaint alleging that plaintiffs violated certain restrictive covenants and because of such violations, the contract for deed should have been declared forfeit and canceled. There are no allegations that plaintiffs were in default of their payments toward the purchase price. The District Court held that plaintiffs were not entitled to a summary judgment as a matter of law on the counterclaim. Such ruling is inconsistent with our decision in Reinke v. Biegel (1979), ___ Mont. ___, 604 P.2d 315, 36 St.Rep. 2322.

The contract for deed was made and entered into by the parties, subject to restrictive covenants. The nature of the covenants is being contested herein, but whatever they are deemed to be, the covenants were not the main purpose of the contract and only incidental thereto. The primary purpose of the contract is defendants' delivery of a deed in exchange for plaintiffs' payment of the total purchase price. We held in <u>Reinke</u> that, where the alleged breach of covenants was not so substantial and fundamental as to defeat the main object or purpose in making the contract for deed and could be compensated for in damages, a breach of the covenants does not warrant a remedy in forfeiture. Defendants' pleadings indicate that such prayer for relief was made.

We affirm the District Court's decision with regard to defendants' motion for partial summary judgment. We reverse the District Court with respect to defendants' counterclaim for cancellation or forfeiture and remand the cause for further proceedings consistent with this opinion.

_____
John Conway Harrison
Justice

-8-

We concur:

_Frank I. Haswell_
Chief Justice

_Gene B. Daly_

_Daniel J. Shea_

_John C. Sheehy_
Justices