No. 84-266

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

GONZ and DORIS MORALES, as surviving
parents of TIMOTHY MORALES, Personal
Representative of the Estate of
RAYMOND MORALES, deceased,

                 Plaintiffs and Appellants,

   -vs-

SALLY TUOMI and EDWIN TUOMI,

                 Defendants and Respondents.

---

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Lynaugh, Fitzgerald & Hingle, Billings, Montana

    For Respondents:

        Crowley Law Firm; Ronald Lodders, Billings, Montana

---

                 Submitted on Briefs:  Oct. 18, 1984

                         Decided: January 3, 1985

Filed:  JAN 3 - 1985

*Ethel M. Harrison*
_____
             Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The surviving parents and personal representative of Raymond Morales, plaintiffs below, appeal from an order of the Thirteenth Judicial District Court, County of Yellowstone, granting summary judgment to defendants Sally and Edwin Tuomi. We affirm the decision of the District Court.

This case arose from an automobile accident which occurred outside of Billings early in the morning on July 2, 1981. Sally Tuomi, defendant and respondent, had borrowed her father's car and had visited a couple of Billings nightspots, including an establishment known as "Gramma's." Tuomi and two friends, Linda McAllister and Doreen Crawford, met Raymond Morales at Gramma's early in the morning on July 2, 1981. Apparently, at about the time that the bar was closing, Tuomi and Morales decided to travel via backroads to Laurel, Montana. McAllister and Crawford both signed sworn affidavits stating that Morales was driving the Tuomi vehicle when it left Gramma's. At some point thereafter, the car failed to negotiate a sharp right hand turn, left the roadway, and ended up in an irrigation ditch. Sally Tuomi signed a sworn affidavit stating that Morales was driving at the time of the accident. Tuomi managed to escape the submerged vehicle, and left for help. When divers with a rescue team arrived, they discovered the body of Raymond Morales behind the steering wheel of Tuomi's automobile. They also noted a hole in the windshield on the passenger side which might have been large enough for a person to pass through.

The coroner's lab report listed the cause of Morales' death as being asphyxiation following a blunt force head injury which lead to unconsciousness. The pathologist who conducted the autopsy, Dr. Kenneth Mueller, later stated by sworn affidavit that based on his post mortem findings, he was unable to determine whether Morales was the driver of or passenger in the automobile at the time of the accident.

On March 10, 1983, the parents and personal representative of Raymond Morales filed a wrongful death and survivorship action, naming Sally and Edwin Tuomi as defendants. Edwin Tuomi, Sally's father, was the owner of the accident vehicle. The complaint alleged that Sally Tuomi negligently caused the death of Morales through her careless operation of the Tuomi vehicle at the time of the accident.

On January 4, 1984, the defendants filed a motion for summary judgment; briefs were filed and affidavits submitted by both parties. The District Court granted the motion on March 3, 1984 in a memorandum order.

Upon appeal, the only question is whether there is a genuine factual issue concerning who was driving the Tuomi vehicle at the time of the accident.

As their first assignment of error, appellants maintain that in granting summary judgment the District Court incorrectly concluded that the defendants-respondents had sustained their burden of demonstrating a complete absence of any genuine issue of material fact. In the alternative, appellants argue that even if defendants sustained their burden, appellants then came forward with sufficient evidence to raise a material factual issue, thereby defeating the motion.

The purpose of Rule 56, M.R.Civ.P., is to dispose of those actions which fail to raise genuine issues of material fact, thereby eliminating the burden and expense of an unnecessary trial. Van Uden v. Hendricksen (Mont. 1980), 615 P.2d 220, 222, 37 St.Rep. 1431, 1433; Silloway v. Jorgenson (1965), 146 Mont. 307, 310, 406 P.2d 167, 169.

The burden upon the party moving for summary judgment is stated in Rule 56(c), M.R.Civ.P.:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

To satisfy his burden of proof, the movant must provide the court with evidence which clearly indicates what the truth is, and which excludes any real doubt as to the existence of a genuine issue of material fact. Van Uden, 615 P.2d at 222, 37 St.Rep. at 1433.

In this case, defendants filed five sworn affidavits with their motion for summary judgment relating defendants' view of the accident which resulted in the death of Raymond Morales. Michael Alexander, a scuba diver on the rescue team, stated that when the Tuomi vehicle was located in the ditch, Morales was in the driver's seat. Doreen Crawford and Linda McAllister, both of whom accompanied Sally Tuomi to Gramma's bar on the night of the accident, stated that Ray Morales was driving the Tuomi vehicle at the time that it left Gramma's. Sally Tuomi, the only eyewitness to the accident, stated that Morales was driving the Tuomi vehicle when she and Morales left Gramma's; that from the time they left Gramma's to the time of the accident they neither

4

stopped the car nor changed drivers; and that Morales was driving the car at the time of the accident. Defendants' counsel, Ronald Lodders, also filed an affidavit, noting that an interrogatory had been submitted to plaintiffs inquiring as to all facts, documents and witnesses which supported plaintiffs' assertion that Sally Tuomi was driving at the time of the accident. Lodders noted that in their answer to the interrogatory, plaintiffs merely stated that they would call an accident reconstruction expert who would use testimony to be provided by the divers, the pathologist, and a highway patrolman to establish that Tuomi was the driver. Lodders' assertions are verified by the record. Plaintiffs later attempted to bolster their reply to this interrogatory by filing supplemental answers, wherein it was stated that:

> " Dr. Kenneth Mueller, a forensic pathologist, will testify that the injuries to Raymond Morales were to his head and were inconsistent with injuries sustained by a driver of the automobile involved in such an accident. Mike Blohm and Mike Alexander, the divers, will testify that to the best of their knowledge the only open window was on the driver's side of the vehicle, and thus the only escape from the vehicle was by the driver's side. We believe that this testimony supports the allegation that the defendant was driving. . . "
> (Emphasis provided.)

Plaintiffs' attorney, Thomas Lynaugh, also filed an affidavit reiterating his belief that Dr. Mueller and Michael Blohm would provide testimony placing Sally Tuomi in the driver's seat.

Defendant then responded by filing the affidavits of Dr. Kenneth Mueller and Michael Blohm. Mueller stated that he was unable to form an opinion, as a result of his examination of Morales' injuries, as to whether Morales was a driver of or a passenger in the Tuomi vehicle at the time of

5

the accident. Blohm stated that when the Tuomi vehicle was located in the ditch, the windshield on the passenger side had a hole in it which may have been large enough for a person to pass through.

We find that the affidavits filed by defendants clearly discharged their burden of proof under Rule 56(c), M.R.Civ.P. It then became incumbent upon plaintiffs, as the party opposing the motion, to come forward with substantial evidence raising a genuine issue of material fact. Rule 56(e), M.R.Civ.P., Riley v. Carl (Mont. 1981), 622 P.2d 228, 230, 38 St.Rep. 83, 85. Such evidence must be in proper form and conclusions of law will not suffice; the proffered evidence must be material and of a substantial nature, not fanciful, frivolous, gauzy or merely suspicious. Van Uden, 615 P.2d at 224, 37 St.Rep. at 1435. Furthermore, as with any other affiant under Rule 56, an attorney's affidavit "is admissible only to prove facts that are within his personal knowledge and as to which he is competent to testify; an affidavit stating what the attorney believes or intends to prove at trial will be disregarded." 10A Wright, Miller and Kane, Federal Practice and Procedure §2738 (1983).

Here the plaintiffs failed to provide the trial court with any substantial evidence indicating that it was Tuomi, and not Morales, who was driving at the time of the accident. Plaintiffs, citing Brown v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (Mont. 1982), 640 P.2d 453, 39 St.Rep. 305, insist that they are entitled to all reasonable inferences which may be drawn from their offered proof in defeating summary judgment. While we agree with the cited rule, the fact is that plaintiffs have simply failed to offer any proof which would support an inference in their favor.

6

Plaintiffs also argue that because their cause of action was based on negligence, summary judgment was inappropriate, citing our decisions in Dean v. First National Bank of Great Falls (1969), 152 Mont. 474, 452 P.2d 402, and Malley v. Asanovich (1967), 149 Mont. 99, 423 P.2d 294. However, those cases clearly indicate that summary judgment is inappropriate in negligence cases when the contested facts actually involve the issue of a negligent breach of a legal duty, requiring application of the reasonable man standard. Dean, 152 Mont. at 483, 452 P.2d at 407. "[I]t would be wrong to assume that summary judgment is never appropriate in negligence actions. A summary judgment motion in favor of defendant should be granted in those cases in which there is no genuine issue as to any fact that is crucial to plaintiff's cause of action so that as a matter of law he cannot recover." 10 A. Wright, Miller, and Kane, Federal Practice and Procedure § 2729 (1983).

Upon review of the offered proof, we can only conclude that Raymond Morales was driving the Tuomi vehicle immediately prior to the accident which instigated this lawsuit, and as a matter of law plaintiffs cannot recover upon their complaint alleging negligence.

Finally, plaintiffs contend that defendants resisted the taking of depositions in this case, particularly the depositions of Dr. Mueller and the two rescue team divers, and thus granting defendant's motion for summary judgment "cut off" discovery prematurely. This argument is incorrect both substantively and procedurally. Rule 56(f), M.R.Civ.P. provides that:

> "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by

7

> affidavit facts essential to justify his
> opposition, the court may . . . order a
> continuance to permit affidavits to be
> obtained or depositions to be taken or
> discovery to be had. . . "

Plaintiffs did not present the required affidavit to the court stating reasons why the depositions could not be taken. Nor did plaintiffs attempt to exercise their prerogative under Rules 30, 31 or 37, M.R.Civ.P. at any time after the complaint was filed. Plaintiffs had over a year in which to fortify their case through discovery, and for whatever reason, they failed to do so.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

I concur in the result only.

_____
Justice

8