No. 88-99

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

WILLIAM J. RUPNOW, JR.,

        Plaintiff and Appellant,

  -vs-

CITY OF POLSON,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Bothe & Lauridsen, P.C.; David W. Lauridsen, Columbia
Falls, Montana

    For Respondent:

        James E. Handley, Polson, Montana

---

        Submitted on Briefs: July 8, 1988

        Decided: September 15, 1988

Filed: SEP 1 5 1988

*Ethel M. Harrison*

---

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.


William J. Rupnow, plaintiff, appeals the decision of the District Court of the Twentieth Judicial District, Lake County, granting the City of Polson, defendant, summary judgment, pursuant to Rule 56, M.R.Civ.P., upon all three counts Rupnow sets forth in response to his termination from the City of Polson's police department. The three counts Rupnow bases his complaint upon are wrongful discharge, breach of the implied covenant of good faith and fair dealing, and negligence. We affirm the District Court's decision.

Rupnow raises the following issues on appeal:

1. Whether the District Court erred in granting the City of Polson's motion for summary judgment regarding Rupnow's claims based upon:

a. wrongful discharge

b. breach of the implied covenant of good faith and fair dealing

c. negligence.

Rupnow, a former Chief of Police for the City of Fort Benton, began working as a police officer for the City of Polson on July 15, 1985. Despite an ambiguity that exists regarding the length of a newly hired police officer's probationary status, Rupnow accepted the position with the knowledge that he would be on a probationary status for the first year. In light of Rupnow's past experience within law enforcement, Ronald Buzzard, who subsequently became the Chief of Police for the City of Polson, conveyed to Rupnow that the one year probation period should not be a problem

for him. Rupnow was to be evaluated once every three months throughout the probationary period.

Rupnow was first evaluated on September 30, 1985 by then-Assistant Chief of Police Buzzard. The evaluator Buzzard stated on the evaluation form that Rupnow was "doing a good job, no apparent difficulties." The evaluation marks given to Rupnow at this time supported this conclusion. Buzzard subsequently testified that although he experienced a couple difficulties with Rupnow, he did not mention the difficulties because he did not want "to come down on him too hard" during the first three month period.

Rupnow's second evaluation occurred on January 20, 1986 by the then-Acting Chief of Police Buzzard. Twenty categories were listed on the performance evaluation report, Buzzard determined that Rupnow met the department's standards in seventeen areas, exceeded the standard in one area, and required improvement in two areas. In rating Rupnow's overall performance, Buzzard checked the box that stated "requires improvement." Buzzard's written comments on this evaluation included the following:

Section B:  Record job STRENGTHS and superior performance incidents.

Officer Rupnow is very knowledgeable in police work and has a lot of potential. He gets along well with fellow employees and is courteous to the public. He has a lot of ideas which will benefit the police department and city in the future.

Section C: Record PROGRESS ACHIEVED in attaining previously set goals for improved work performance, for personal, or job qualifications.

None previously set.

Section D:  Record specific GOALS or IMPROVEMENT PROGRAMS to be undertaken, during next evaluation period.

> Officer Rupnow is to spend more time patrolling the streets of Polson looking for traffic violators, patrolling alleys and providing basic police services.

> Section E:    Record specific work performance DEFICIENCIES or job behavior requiring improvement or correction. . . .

> Officer Rupnow is spending too much time sitting around doing nothing. This includes staying in the sheriff's office too long and taking too long of coffee breaks. This is possibly the reason his volume of work is low.

Rupnow refused to sign this second performance evaluation and instead presented a formal protest to the mayor of Polson together with his formal application for the permanent Chief of Police position that was then available.

Rupnow was informed on March 21, 1986, at a meeting attended by Councilwoman Malgren, Mayor DeVries, Sergeant Witts, Chief Buzzard, and Rupnow, that his appointment as probationary Polson police officer was being withdrawn. Chief Buzzard and Mayor DeVries expressed to Rupnow that a primary concern of theirs was his tendency to refuse to follow Chief Buzzard's orders. The reasons Buzzard recommended to the Mayor that Rupnow's appointment be withdrawn were (1) failure to attend a training meeting; (2) failure to complete a log book; (3) complaints regarding Rupnow "setting up" a councilman for selling alcohol to minors; and (4) complaints by Rupnow that a fellow officer had made derogatory comments about him. The withdrawal was confirmed by a letter from Mayor DeVries dated March 24, 1986.

Rupnow then brought a complaint against the City of Polson in the Twentieth Judicial District Court, Lake County, alleging wrongful discharge, breach of the implied covenant

of good faith and fair dealing, and negligence. The District Court granted the City of Polson's motion for summary judgment. Rupnow appeals.

### 1a. Wrongful Discharge

The first issue Rupnow raises on appeal is whether the District Court erred in granting the City of Polson's motion for summary judgment regarding Rupnow's claim based upon wrongful discharge.

Under Rule 56(c), M.R.Civ.P., a district court may grant a party's motion for summary judgment when the court finds that "no genuine issue as to any material fact" exists. Evans v. Montana Nat'l Guard (Mont. 1986), 726 P.2d 1160, 1161, 43 St.Rep. 1930, 1932; Clarks Fork Nat'l Bank v. Papp (Mont. 1985), 698 P.2d 851, 853, 42 St.Rep. 577, 579; Cereck v. Albertson's Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 511. As the moving party, the City of Polson has the initial burden to present the court with evidence that excludes any real doubt as to the existence of a genuine issue of material fact and that therefore it is entitled to a judgment as a matter of law. If the City of Polson meets this burden, the burden then shifts to the opposing party, Rupnow, to establish by substantial evidence the existence of genuine issue of material fact. VanUden v. Hendricksen (1980), 189 Mont. 164, 169, 615 P.2d 220, 223-24; Dooling v. Perry (1979), 183 Mont. 451, 456, 600 P.2d 799, 802.

In the present case, under Count I, Rupnow claims that he was wrongfully discharged from the Polson's police department. Specifically, Rupnow argues that the City of Polson violated public policy by not following the progressive discipline policy adopted by the City of Polson on March 3, 1986. This section of the City of Polson's personnel policy reads as follows:

> 10. PROGRESSIVE DISCIPLINE. It is the responsibility of authority in charge to insure that all City employees subject to disciplinary [sic] measure receive corrective action appropriate to the offense and progressive in nature. The following procedure should be used:
>
> > 1. First Offense. . . .Oral Warning
> > 2. Second Offense . . .Written Warning
> > 3. Third Offense. . . .Suspension w/out Pay
> > 4. Fourth Offense . . .Dismissal
>
> It should also be understood that, depending upon the nature and circumstances of the violation, the authority in charge may use any disciplinary measure appropriate within their judgment.

The City of Polson disputes Rupnow's allegations and argues that it pursued the alternative method of discipline provided in the policy, which allows the authority in charge to use their judgment in using any appropriate disciplinary measure after considering the nature and circumstances of the violation. The District Court found that the City of Polson, through the Mayor's and Buzzard's affidavits, met its burden of proof by showing that no genuine issues of material fact existed with respect to a public policy violation, but that Rupnow failed, after the burden shifted to him, to show by substantial evidence that genuine issues of material fact exist to show that the City of Polson did not comply with its personnel policy. We agree.

To successfully maintain the tort of wrongful discharge, a plaintiff must show that the defendant violated a public policy. Dare v. Montana Petroleum Marketing Co. (1984), 212 Mont. 274, 281, 687 P.2d 1015, 1019; Nye v. Dept. of Livestock (1982), 196 Mont. 222, 228, 639 P.2d 498, 502; Keneally v. Orgain (1980), 186 Mont. 1, 5-6, 606 P.2d 127, 129. Rupnow argues that a violation of the City of Polson's personnel policy is a violation of public policy and that the

City of Polson violated its personnel policy when it did not follow the progressive disciplinary measures outlined in the policy.

The City of Polson's personnel policy, however, specifically allows for an alternative means of disciplining city employees. In this case, the City of Polson presented substantial evidence to the District Court that its personnel pursued the alternative approach available to them and exercised their judgment in imposing disciplinary measures upon probationary officer Rupnow, which included oral warnings and written evaluations specifying areas that required improvement. Rupnow, on the other hand, failed to address the City of Polson's option to pursue the alternative method of disciplining employees and instead merely offered its conclusion of law that since the City of Polson never followed the progressive disciplinary method, it violated its personnel policy and therefore violated public policy. Conclusions of law will not suffice in opposing a movant's motion for summary judgment. VanUden, 189 Mont. at 169, 615 P.2d at 224; Silloway v. Jorgenson (1965), 146 Mont. 307, 310, 406 P.2d 167, 169; Gates v. Life of Montana Insurance Co. (1982), 196 Mont. 178, 182, 638 P.2d 1063, 1066. We therefore affirm the District Court's finding that the City of Polson did not violate its personnel policy, and therefore no genuine issue of material fact exists with respect to the issue of a public policy violation.

1b. Implied Covenant of Good Faith and Fair Dealing

The second issue Rupnow raises on appeal is whether the District Court erred in granting the City of Polson's motion for summary judgment regarding Rupnow's claim based upon breach of the implied covenant of good faith and fair dealing.

This Court first adopted the implied covenant of good faith and fair dealing in Gates, 196 Mont. at 184, 638 P.2d at 1067, and then extended it to probationary employment relationships in Crenshaw v. Bozeman Deaconess Hospital (Mont. 1984), 693 P.2d 487, 491, 41 St.Rep. 2251, 2258. The standard, however, as to whether the covenant applies remains the same under all circumstances. In Dare we held that the applicable standard in determining:

> [w]hether a covenant of good faith and fair dealing is implied in a particular case depends upon objective manifestations by the employer giving rise to the employee's reasonable belief that he or she has job security and will be treated fairly.

Dare, 212 Mont. at 282, 687 P.2d at 1020.

The District Court found that Rupnow "failed to show the existence of any facts to support a claim of any objective manifestation by the City to support [his] expectations." We agree. Rupnow first asserts that the City of Polson violated its personnel policy and therefore breached the implied covenant of good faith and fair dealing. This assertion by Rupnow is irrelevant since we have affirmed the District Court's finding that the City of Polson did not violate its personnel policy.

Rupnow next attempts to argue the existence of objective manifestations that would lead him reasonably to believe that he had job security by pointing towards his two performance evaluations, and comments made to him by Buzzard, stating that the one year probation period should not be a problem for Rupnow. The District Court found that Buzzard's comment that the probationary period should not be a problem for Rupnow, by itself, is not sufficient to satisfy Rupnow's burden in opposing the City of Polson's motion for summary judgment. The court found that the comment was no more than an acknowledgment by Buzzard of Rupnow's prior experience in

law enforcement. We affirm and further hold that Rupnow's two performance evaluations, in addition to Buzzard's comment, still do not establish objective manifestations by the City of Polson that would lead an employee, Rupnow, reasonably to believe that he had job security. Rupnow's second evaluation, although satisfactory overall, definitely gave Rupnow indications that he needed to improve his performance in specific areas.

In addition, Rupnow argues and the record indicates that a dispute exists as to whether Chief Buzzard or Mayor DeVries warned him that his probationary status was in jeopardy. Oral warnings that an employee's probationary status is in jeopardy are not mandatory. The absence of such warnings are merely considered in light of other evidence when determining whether objective manifestations existed to lead to an employee's reasonable belief of job security. Considering all of the evidence Rupnow presents in an attempt to show that he had a reasonable belief of job security, we hold that the absence of such warnings, by themselves, do not constitute a material fact that would bar the District Court from granting the City of Polson's motion for summary judgment.

### 1c.  Negligence

The last issue Rupnow raises on appeal is whether the District Court erred in granting the City of Polson's motion for summary judgment regarding his claim based upon negligence.

This Court has recognized that negligence is a proper basis for recovery in wrongful termination cases. Flanigan v. Prudential Federal Savings & Loan (Mont. 1986), 720 P.2d 257, 263, 43 St.Rep. 941, 948; Crenshaw, 693 P.2d at 493, 41 St.Rep. at 2259. We have also recognized that summary judgment is appropriate in negligence cases when the standard

is met. The standard remaining that no genuine issue of any material fact exists so that as a matter of law the non-moving party cannot recover. Morales v. Tuomi (Mont. 1985), 693 P.2d 532, 535, 42 St.Rep. 60, 63-64.

In the present case, Rupnow first argues under this claim that the City of Polson breached its duty by not following its personnel policy when terminating Rupnow. This argument of Rupnow's is irrelevant since we have already affirmed the District Court's finding that the City of Polson did not violate its personnel policy.

Rupnow next argues that Chief Buzzard failed to investigate adequately certain allegations against him. Chief Buzzard obviously did not conduct an investigation to Rupnow's satisfaction, however, Rupnow does not bring forth evidence to raise a genuine issue of material fact that Buzzard was negligent in his investigation. Rupnow merely offers conclusory statements, stating in his opinion what a reasonable investigation would include.

In setting forth his argument, Rupnow relies upon Crenshaw, where this Court held that the employee's allegation of negligence was clearly established. In reaching this holding we took note of the evidence offered by the employee, specifically a former director's testimony that he had failed to interview all of the appropriate witnesses, an administrator's admissions that he failed to interview key witnesses, and testimony by an expert on personnel management, stating that the allegations upon which the discharge was made were not properly investigated. Crenshaw, 693 P.2d at 493, 41 St.Rep. at 2258-59.

The evidence set forth in Crenshaw is not analogous to the evidence presented by Rupnow. Rupnow did not have an expert testifying that Buzzard improperly investigated an incident. Buzzard testified that all key witnesses were

interviewed at least once. Rupnow failed to meet his burden in bringing forth evidence that would raise a genuine issue of material fact that the City of Polson was negligent. His statements, for example, that a reasonable investigation would have "consisted of calling the various parties together . . . to determine an exact chronology of events and a more reasonable determination as to who was telling the truth" are merely conclusory. We therefore hold that the District Court properly found that the City of Polson was entitled to judgment as a matter of law based upon Rupnow's claim of negligence.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices