No. 13195

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

MELVIN BOYER,

Plaintiff and Appellant,

-vs-

RICHARD KLOEPFER,

Defendant and Respondent.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Charles Luedke, Judge presiding.

Counsel of Record:

For Appellant:

Michael J. Whalen argued, Billings, Montana

For Respondent:

Crowley, Kilbourne, Haughey, Hanson & Gallagher,
Billings, Montana
H. Elwood English argued, Billings, Montana

---

Submitted: April 22, 1976

Decided: SEP 30 1976

Filed:

*Thomas J. Kearney*
Clerk

Hon. R. D. McPhillips, District Judge, sitting for Mr. Chief Justice James T. Harrison, delivered the Opinion of the Court.

Plaintiff appeals from an order of the district court, Yellowstone County, granting summary judgment to defendant.

The facts are essentially undisputed. Plaintiff brought this action in the district court to recover damages for injuries sustained by him when he fell from a scaffold. Both plaintiff and defendant made a motion for summary judgment on the grounds there was no genuine issue as to any material fact on the question of liability. The trial court granted summary judgment to defendant Richard Kloepfer. Plaintiff, Melvin Boyer, appealed. Plaintiff and appellant hereafter shall be referred to as Boyer and defendant and respondent as Kloepfer.

Kloepfer is a masonry contractor. He bid a job at Eastern Montana College against one Earl Williams. Williams had the low bid and received the contract to do the masonry work. Williams then hired Kloepfer as his masonry foreman for the college job. In addition, Williams and Kloepfer entered into a rental agreement whereby Kloepfer was to furnish equipment, including scaffolding, upon the job for $3,500. The scaffold furnished by Kloepfer included planking, scaffold jacks, braces, scaffold brackets and other equipment necessary to do the masonry work at Eastern Montana College.

Kloepfer's job as Williams' foreman included hiring hod carriers and brick layers as well as generally supervising all the masonry work on behalf of Williams.

On May 22, 1972, while working as an employee of Williams on the Eastern Montana College job, Boyer was pushing a wheel-

barrow full of wet concrete along the scaffold and while going up an incline thereon which had a plywood floor and was unstable, the weight of the wheelbarrow shifted, pushed him backwards off the scaffolding, and he fell to the ground approximately 13 feet below. The wheelbarrow full of wet cement followed him off the scaffold and landed directly upon Boyer's back causing severe injury.

In the area where Boyer fell to the ground, there were no X braces, guardrails or kickboards. A guardrail may have prevented his fall and kickboards may have prevented the wheelbarrow full of wet concrete from falling on him.

Three issues are presented:

1. Under the facts and circumstances of this case is Kloepfer liable to Boyer under the Scaffold Act?

2. Under the facts and circumstances of this case is Kloepfer liable to Boyer under section 92-204, R.C.M/, 1947, of the Workmen's Compensation Act?

3. Were any genuine issues of material fact present so as to preclude the trial court from entering summary judgment herein?

Dealing with the first issue this Court in State ex rel. Great Falls National Bank v. District Court, 154 Mont. 336, 343, 463 P.2d 326, stated:

> "* * * against whom is the injured workman entitled to recover? Or stated another way, who owes the basic duty imposed by the Scaffold Act? We must look to the Scaffold Act itself to determine the answer to this question. Section 69-1402, R.C.M. 1947, imposes a duty on 'every owner, person, or corporation who shall have the direct and immediate supervision or control of the construction or remodeling of any building having more than three framed floors' to provide a temporary planked floor 'which shall be laid to form a good substantial temporary floor for the protection of employees and all persons engaged above or below, or on such temporary floor in such building.' (Emphasis supplied.)

- 3 -

"Section 69-1404, R.C.M. 1947, provides that '<u>It</u> <u>shall be the duty of all owners, contractors, builders</u>, <u>or persons having the direct and immediate control</u> <u>or supervision of any buildings</u>' under construction to protect stairways, elevator openings, flues, and all other openings in the floors. (Emphasis supplied.)

"* * *

"In our view neither the language nor the purpose of the Scaffold Act suggests any intention by the legislature to grant multiple remedies or damages to injured workmen by granting one recovery against the landowner, another recovery against the general contractor, a third recovery against the subcontractor using the scaffolding, and so on ad infinitum. On the contrary it is clear to us from the language of the Act construed in the light of its purpose that the legislature intended only to make the injured workman whole by granting him relief to the extent of his injuries and damages against the person, firm or corporation having direct and immediate control of the work involving the use of scaffolding."

It is clear this Court has previously determined the person, firm or corporation having direct and immediate control of the work involving the use of scaffolding is the one upon which a duty is imposed by the Scaffold Act. Kloepfer was in immediate control of the work that involved the use of scaffolding, but he exercised that control as the foreman of Earl Williams Masonry. There is absolutely no dispute from the record that Kloepfer was anything other than Earl Williams Masonry's foreman. Kloepfer was paid an hourly wage by Williams; he hired brick layers and hod carriers on Williams' behalf; he did not share in any profits from the job; he was instructed by Williams on how Williams wished the job to be done; nothing suggests Kloepfer was anything other than an Earl Williams Masonry employee. Kloepfer cannot be held liable under the Scaffold Act as he acted simply as Williams' employee and not an <u>owner, person or corporation,</u> who had direct and immediate supervision and control of the masonry construction.

Second, can Kloepfer be held liable under the provisions

of section 92-204, as amended in 1969, since repealed and replaced

by section 92-204.1, R.C.M./1947 which allowed a fellow workman to be

held liable when the injuries of any employee, "* * * are caused

by the intentional and malicious act or omission of a servant or

employee of his employer * * *."

In this connection, Boyer had the following to say in his

deposition:

"Q. Did Dick Kloepfer have anything to do with
the erection of the scaffold that you fell off of?
A. I don't know for sure. All I know, it was his
scaffolding.

"Q. It was his scaffolding, you say? A. Yeh.

"Q. Did Dick Kloepfer have anything to do with removing
or putting any braces on that scaffold? That you know
of. A. Well, I haven't seen anybody do anything with
it. You know, I haven't seen Dick do anything with it.

"Q. Do you have any reason to hold Dick Kloepfer per-
sonally responsible for what happened to you? A. (No
response.)

" * * *

"Q. That you know of. A. Well, I can't * * * It's * * *
no, I have nothing personal against him.

"Q. Do you have any reason to believe that he has
anything personal against you? A. No.

"Q. Did you get along with him okay? A. Yes.

"Q. Would you say your relationship was a good one?
A. Yes, I'd say it was."

The scaffolding in this case was rented by Earl Williams

Masonry from Kloepfer, a fact which is undisputed. In this

regard Kloepfer testified in his deposition:

"Q. And as a part of this agreement to rent equipment to
him, was it understood that you would maintain and
install the equipment on the job? A. No, there was
nothing along that line.

- 5 -

"Q. Well, as a part of that agreement did you in fact maintain the equipment upon the job and install the scaffolding, for example? A. No, I didn't maintain it or - Earl Williams did any maintaining or anything like that that had to do. Like he bought the gasoline. He provided any of the expenses. It was his job.

" * * *

"Q. And as the owner of that equipment, and particularly the scaffolding that you had rented to Earl Williams, did you oversee the erection of it? A. Well, I would say this, that I was his foreman on the job. It was my job to see that everything was done as far as the masonry work was concerned. I had hod carriers hired and I had brick layers hired. Those are the two people that I worked with or dealt with. They were under my control. The hod carrier's job is to, basically, first of all, when there is a masonry job to be done they move the equipment onto the job, they put the material in the position where the bricklayer can get up - that includes the brick, the block, the mortar - they do the setting up of all this various equipment and materials to proceed with the masonry work. The hod carriers -

"Q. But as I understand your testimony, you were in immediate charge of setting this job up insofar as supervisory responsibility is concerned, isn't that correct? A. Yes. A foreman is, I would say, responsible for building the job the best way he knows how."

The record further discloses that when this unfortunate accident took place, Kloepfer was not at the job site.

Kloepfer, as foreman for Earl Williams, had the responsibility for construction, erection and maintenance of the scaffolding. No malice or intent to harm has been shown and Boyer concedes that his relationship with Kloepfer was always a good one. There is no evidence to the contrary so the conditions under which a workman could sue a co-worker in tort under section 92-204, R.C.M. 1947, are not satisfied.

The third issue, did the trial court err in granting Kloepfer's motion for summary judgment?

Boyer contends he was not the fellow employee of Kloepfer insofar as the furnishing of the scaffolding for the job is concerned. That having been furnished under a separate agreement between Williams and Kloepfer, and that his failure to provide X braces, guardrails and kickboards at the point Boyer fell off the scaffold made Kloepfer liable to Boyer or at least created an issue of fact.

Rule 56(c), Montana Rules Civil Procedure, provides, inter alia:

> "The judgment sought shall be rendered forthwith
> if the pleadings, depositions, answers to interroga-
> tories and admissions on file show that there is no
> genuine issue as to any material fact and that the
> moving party is entitled to a judgment as a matter of
> law."

The complaint contains no allegation of a duty on the part of Kloepfer to provide all the safety mechanisms that are normally required with scaffolding. The responsibility to provide such equipment is that of Earl Williams Masonry who was the contractor having the direct and immediate control of the building under construction, section 69-1404, R.C.M. 1947.

As a matter of law the Scaffold Act and the Workmen's Compensation Act are inapplicable to the claim involved under the undisputed facts of this case. There is no theory of the law pleaded that would allow recovery of any damages by Boyer as against Kloepfer. The trial court did not err in granting Kloepfer's motion for summary judgment.

The judgment of the trial court is affirmed.

Hon. R. D. McPhillips, District
Judge, sitting for Chief Justice
James T. Harrison.

- 7 -

We Concur:

_Pearce S. Haswell_

_Wesley Castles_

_Gene B. Daly_
Justices.

. . . . . . . . . . .

Mr. Justice John Conway Harrison dissenting:

I would vacate the order of summary judgment in view of the fact that testimony indicates that Kloepfer removed part of the scaffolding equipment and put it on a job he was operating as a scaffolding contractor.

_John Conway Harrison_
Justice.