No. 13520

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

NORVAL C. BONAWITZ,

                Plaintiff and Respondent,

    -vs-

LOIS BOURKE as Executrix of the
Estate of PAT BOURKE,

                      Defendant and Third Party Plaintiff
                      and Appellant,

    -vs-

RUSSELL FLEHARTY, GENE MOSSEY,
WILLIAM H. WEBSTER, and WILLIAM J. WEBSTER,

                Third Party-Defendants and Respondents.

---

Appeal from:  District Court of the Tenth Judicial District,
               Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

    For Appellant:

        Cure and Borer, Great Falls, Montana
        Charles Borer argued, Great Falls, Montana
        Patterson and Marsillo, Missoula, Montana

    For Respondent:

        Robert Johnson Lewistown, Montana
        Torger Oaas argued, Lewistown, Montana
        Marra, Wenz & Iwen, Great Falls, Montana
        David Hopkins argued, Great Falls, Montana
        Rapkoch and Knopp, Lewistown, Montana
        Robert L. Knopp argued, Lewistown, Montana

---

                    Submitted:  April 19, 1977

                    Decided: JUL 1 1977

Filed: JUL 1 1977

_Thomas J. Kearney_
                            Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff Norval Bonawitz brought suit in the district court, Cascade County, against the Estate of Pat Bourke, deceased, to recover damages for injuries suffered when a scaffold upon which he was working collapsed. Bourke died after the accident, but prior to commencement of this action. The Estate of Bourke (Bourke) filed a third party complaint for indemnity against third party defendants Russell Fleharty, Gene Mossey, William H. Webster and William J. Webster. After extensive formal discovery by all parties, third party defendants filed motions for summary judgment. The court entered summary judgment in favor of all third party defendants. Bourke appeals this ruling.

Bonawitz and Bourke were the sole stockholders of a corporation known as Bonawitz & Bourke, Inc. Bourke was the president and owned 75% of its stock. Bonawitz was the vice-president and owned 25% of the stock. Bonawitz & Bourke, Inc. owned a ranch south of Lewistown, Montana known as the "Lewis Place". Bourke was leasing this ranch from the corporation pursuant to an oral lease.

On the morning of the accident, a work party consisting of Bourke, Bonawitz, and the four third party defendants met at a ranch house located on the Lewis Place. The purpose of this gathering was to reshingle the roof of the ranch house. The work was undertaken at the request of Bourke. There is some question whether Bourke individually, or the corporation, supplied the shingles and at least a portion of the materials to be used in the construction of a scaffold. All labor was on a volunteer basis.

The four third party defendants arrived at the Lewis Place first, and commenced building the scaffold to be used in

the reshingling process. The Websters and Mossey had previous experience in the construction of scaffolds. Neither Bourke nor Bonawitz participated in the actual construction or erection of the scaffold. During this time they were engaged in hauling the shingles from a storage shed and various other duties incidental to the shingling operation.

When the scaffolding was fully erected, Bonawitz and the third party defendants climbed upon it and began removing the old shingles. They had been working about an hour and were just beginning to put on the new shingles when the center support for the scaffold collapsed. As he fell, Bonawitz apparently put his arm through the glass of a nearby window in an attempt to catch himself. Severe and partially disabling injuries resulted. Pretrial discovery indicated the cause of the scaffold failure was improper construction, rather than weakness of the component parts.

Bonawitz's complaint alleges he was in the employ of Pat Bourke at the time of the accident and Bourke, as the employer, had an obligation to furnish plaintiff with a safe place to work and safe appliances and instrumentalities with which to work. After discovery was completed, Bourke filed a third party complaint for indemnity against the third party defendants alleging it was their active and primary negligence in the construction of the scaffold that caused plaintiff's injuries.

Two issues are presented upon appeal:

1. Whether the district court erred in granting summary judgment in favor of third party defendants?

2. Whether Bourke is liable to Bonawitz by virtue of the Scaffold Act under the facts and circumstances of this case?

Rule 56(c), M.R.Civ.P., states that summary judgment shall be rendered only if:

"* * * the pleadings, depositions, answers to
interrogatories, and admissions on file show
that there is no genuine issue as to any material
fact and that the moving party is entitled to a
judgment as a matter of law.* * *"

The general purpose underlying Rule 56, M.R.Civ.P., is
to promptly dispose of actions which have no genuine issue of
fact, thereby encouraging judicial economy through the elimina-
tion of unnecessary trial, delay and expense. Guthrie v. Dept.
of Social and Rehab. Services, _____Mont._____, 563 P.2d 555,
34 St. Rep. 255; Silloway v. Jorgenson, 146 Mont. 307, 406 P.2d
167. Nevertheless, summary judgment is not a substitute for a
trial. Guthrie, supra; Johnson v. Johnson, _____Mont._____,
561 P.2d 917, 34 St. Rep. 162.

This Court has consistently held that the party moving
for summary judgment has the burden of showing the complete
absence of any genuine issue as to all facts which are deemed
material in light of those substantive principles which entitled
him to a judgment as a matter of law. Harland v. Anderson, _____
Mont,_____, 548 P.2d 613, 33 St.Rep. 363. This rule imposes a
strict standard upon the movant and in Kober &. Kyriss v.
Billings Deaconess Hosp., 148 Mont. 117, 122, 417 P.2d 476, this
Court, quoting from 6 Moore's Fed.Prac.2d §56.15[3], held:

"'* * *To satisfy his burden the movant must make
a showing that is quite clear what the truth is,
and that excludes any real doubt as to the
existence of any genuine issue of material fact.'"

It is clear therefore that the party opposing the motion
will be indulged to the extent of all inferences which may be
reasonably drawn from the offered proof. Harland v. Anderson,
supra; Mally v. Asanovich, 149 Mont. 99, 423 P.2d 294; Johnson
v. St. Patrick's Hospital, 148 Mont. 125, 417 P.2d 469.

Considering the facts of the instant case, we feel
genuine issues of material fact remain unresolved. The third

party defendants are therefore not entitled to summary judgment as a matter of law.

While we find several material issues of fact remain unresolved, we feel the most significant is found in the district court's finding of fact No. 4. This finding states:

"The materials were furnished by Bourke, or by the Corporation * * *."

Certainly the fact of whether Bourke individually or the corporation furnished the construction materials is of relevance in determining for whom the work was being done. The fact of whether Bourke individually or the corporation was in immediate supervision or control of the reshingling operation is of great import in light of plaintiff's reliance on Montana's Scaffold Act, section 69-1401, et seq., R.C.M. 1947.

The interpretation given Montana's Scaffold Act in regard to the person who owes the duty of care to workers was discussed in State ex rel. Great Falls National Bank v. District Court, 154 Mont. 336, 343, 463 P.2d 326, where the Court stated:

"* * * against whom is the injured workman entitled to recover? Or stated another way, who owes the basic duty imposed by the Scaffold Act? We must look to the Scaffold Act itself to determine the answer to this question. Section 69-1402, R.C.M. 1947, imposes a duty on 'every owner, person, or corporation who shall have the direct and immediate supervision or control of the construction or remodeling of any building having more than three framed floors' to provide a temporary planked floor 'which shall be laid to form a good substantial temporary floor for the protection of employees and all persons engaged above or below, or on such temporary floor in such building.' (Emphasis supplied.)

"Section 69-1404, R.C.M. 1947, provides that 'It shall be the duty of all owners, contractors, builders, or persons having the direct and immediate control or supervision of any buildings' under construction to protect stairways, elevator openings, flues, and all other openings in the floors. (Emphasis supplied.)" 154 Mont. 343

See also: Boyer v. Kloepfer, _____ Mont._____, 554 P.2d 1116, 33 St.Rep. 929.

This Court has held that the firm, person or corporation having direct and immediate control of the work involving the use of scaffolding is the one upon whom the duty is imposed by the Scaffold Act. State ex rel. Great Falls National Bank v. District Court, supra. This is a clarification of dictum contained in earlier case law which appeared to impose a non-delegable duty upon the landowner. See: Pollard v. Todd, 148 Mont. 171, 418 P.2d 869; Joki v. McBride, 150 Mont. 378, 463 P. 2d 78.

Resolution of appellant's first issue makes discussion of the second issue unnecessary. The summary judgment is vacated and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices