No. 80-139

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

ROBERT REAVES,

Plaintiff and Appellant,

-vs-

JOSEPH REINBOLD,

Defendant and Respondent.

_____

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, The Honorable
Willian J. Speare, Judge presiding.

Counsel of Record:

For Appellant:

Jerrold L. Nye; Stacey and Nye, Billings, Montana

For Respondent:

H. Elwood English, Billings, Montana

_____

Submitted on Briefs: July 10, 1980

Decided: AUG 2 5 1980

Filed: AUG 2 5 1980

<u>Thomas J. Kearney</u>
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Plaintiff appeals from an order of the District Court, Yellowstone County, the Honorable William J. Speare presiding, whereby plaintiff's motion for summary judgment was denied and defendant's motion for summary judgment was granted.

In November 1975 defendant Joseph Reinbold was hired by Lincoln Benefit Life Company to sell life insurance as a district representative. Reinbold was to work under the supervision of plaintiff Robert Reaves, a general agent for Lincoln Benefit Life.

Under a "Submitted Annualized Commission Agreement," dated November 21, 1975, Reinbold's income was to be based on commissions from sales of insurance policies. In addition, the agreement provided that Lincoln Benefit Life would advance $1,250 per month against future earned first year commissions. Reinbold, as district representative, Reaves, as general agent, and D. L. Sayler, as vice president of Lincoln Benefit Life Company, were signatories to this agreement.

On November 20, 1975, prior to signing the commission agreement, Reinbold received a letter from Reaves stating in pertinent part:

> "Joe, you have your $900 gurantee [sic] but
> I think you will far exceed that in earnings.
> Just as a little help I'll throw in $100.00
> each month expense money."

Reinbold claims this letter evidences an oral agreement between plaintiff and himself whereby plaintiff gave his personal guarantee that Reinbold would receive $900 a month without regard to the advance payments from Lincoln Benefit Life. Reaves has denied any such oral agreement with defendant.

Reinbold quit his employment with Lincoln Benefit Life in March 1976. At that time it was determined that Lincoln Benefit Life had paid Reinbold $2,341.65 more in advance payments than he had earned in commissions. The money owed by Reinbold was collected by Lincoln Benefit Life from Reaves under a company agreement they had with him as a general agent. Reaves, in turn, sued Reinbold to recover the money Reaves had paid to the company.

Upon the suit being filed, Reinbold moved for dismissal on the basis of lack of jurisdiction. This motion was heard and denied. A preliminary pretrial conference was then held on December 11, 1979, during which the court ordered all discovery be completed by February 6, 1980.

On January 24, 1980, Reaves filed a motion for summary judgment alleging there was no question of either law or fact. Reinbold responded with his own motion for summary judgment on February 7, 1980. Argument on the motions was held in chambers at the time set for final pretrial conference on February 14, 1980.

On February 26, 1980, Loren "Pi" Page, regional vice president for Lincoln Benefit Life, was unexpectedly in Billings, Montana, from his office in Denver, Colorado. Reaves's attorney used that opportunity to take his deposition to preserve his testimony for use at trial. In the deposition, Page explained the relationship that general agents, district representatives and regional vice presidents have with Lincoln Benefit Life Co. and each other.

On March 11, 1980, the court entered summary judgment for defendant. The District Court, in granting defendant's motion, found that there was an oral agreement between Reaves and Reinbold wherein Reaves personally guaranteed

Reinbold $900 a month and that the letter of November 20, 1975, was a written memorandum of that oral agreement.

Plaintiff's attorney filed a motion to alter and amend the judgment on March 14, 1980. The District Court denied this motion and plaintiff appeals.

On appeal plaintiff raises three issues:

1. Whether it was error and an abuse of discretion for the District Court to grant summary judgment for defendant.

2. Whether it was error for the District Court not to enter summary judgment for plaintiff as a matter of law.

3. Whether it was error and an abuse of discretion for the District Court not to consider the testimony of Loren "Pi" Page prior to any decision in this case.

Summary judgment under Rule 56(c), M.R.Civ.P., is proper only if the record discloses no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Johnson v. Johnson (1977), 172 Mont. 150, 561 P.2d 917; Anderson v. Applebury (1977), 173 Mont. 411, 567 P.2d 951.

This Court has consistently held that the party moving for summary judgment has the burden of showing the complete absence of any genuine issue as to all the facts which are deemed material in light of those substantive principles which entitled him to a judgment as a matter of law. Bahn v. Dormanen (1975), 168 Mont. 408, 543 P.2d 379; Harland v. Anderson (1976), 169 Mont. 447, 548 P.2d 613; Bonawitz v. Bourke (1977), 173 Mont. 179, 567 P.2d 32. To satisfy this burden the movant must make a clear showing as to what the truth is so as to exclude any real doubt as to the existence of any genuine issue of material fact. Kober v. Stewart (1966), 148 Mont. 117, 417 P.2d 476; 6 Moore's Federal Practice ¶56.15[3].

-4-

It is clear that the party opposing a motion for summary judgment will be afforded the benefit of all reasonable inferences which may be drawn from the offered proof. Mally v. Asanovich (1967), 149 Mont. 99, 423 P.2d 294; Harland v. Anderson, supra.

The District Court could properly grant summary judgment to defendant here only by finding that, on the submitted record, a valid oral contract existed between the parties which provided that plaintiff would pay defendant, at a minimum, $900 per month.

In support of a finding that such an oral agreement existed, defendant submitted to the court: (1) an affidavit alleging that plaintiff in a telephone conversation offered to pay defendant $900 per month; (2) a letter from plaintiff to defendant stating that defendant would have his $900 guarantee; and (3) an admission by plaintiff that "defendant was paid $900 per month in accord with the submitted annualized commission agreement," when in fact the figure for advances under the agreement was $1,250 per month.

In response to defendant's allegations, plaintiff has denied any existence of an oral contract between the parties. He contends that any conversation or letter that dealt with money to be paid defendant related to the amount to be advanced against future commissions by Lincoln Benefit Life and not to any guaranteed salary to be paid by plaintiff.

As the record indicates, whether the parties intend an oral contract whereby plaintiff guaranteed a $900 per month salary to defendant is an important factor in need of consideration in this case. When an issue of fact arises as to the existence of a contract and the intentions of the parties play an important part in the resolvement of that

question, this Court has held that summary judgment is usually inappropriate. Kober v. Stewart (1966), 148 Mont. 117, 417 P.2d 476; Fulton v. Clark (1975), 167 Mont. 399, 538 P.2d 1371.

Defendant argues that summary judgment is appropriate in this instance because the District Court, prior to its decision on defendant's motion, was presented with all the evidence needed to decide the issue of whether an oral contract existed as alleged. We disagree with defendant's contention.

It is true that the purpose of the summary judgment procedure is to encourage judicial economy through the elimination of an unnecessary trial. However, it is also true that the procedure is never to be a substitute for trial if a factual controversy exists. Engebretson v. Putnam (1977), 174 Mont. 409, 571 P.2d 368; Duncan v. Rockwell Mfg. Co. (1977), 173 Mont. 382, 567 P.2d 936; Bonawitz v. Bourke (1977), 173 Mont. 179, 567 P.2d 32.

We find that defendant, as the moving party, has not met his burden of establishing the absence of an issue of fact as to the existence of the oral contract as alleged. In viewing the record in a light most favorable to plaintiff, we conclude that a material factual issue exists and is in need of proper resolvement at the trial level.

We have not attempted to decide the merits of this case nor which party should ultimately prevail. We merely hold for the foregoing reasons that the District Court erred in granting defendant's motion for summary judgment.

In reviewing plaintiff's motion for summary judgment, the general rules and principles stated above will control, with the evidence now being viewed in a light most favorable to defendant.

In support of his motion plaintiff points out that defendant's sole defense to the present action is the alleged oral agreement in which plaintiff guaranteed a $900 per month salary for defendant. Plaintiff argues that even should it be found that such an agreement was entered into, it cannot be given effect in this instance.

Plaintiff's argument is based on the allegation that the written agreements entered into on November 21, 1975, which included the "Submitted Annualized Commission Agreement," superseded any prior oral negotiations or agreement between the parties. In support of this argument, plaintiff cites sections 28-2-904 and 28-3-203, MCA.

As stated in plaintiff's brief, there is abundant case law in Montana which holds that prior oral agreements or conditions are not admissible to alter or vary the terms of a later written contract. Davidson v. Casebolt (1969), 154 Mont. 125, 461 P.2d 2; Heckman and Shell v. Wilson (1971), 158 Mont. 47, 487 P.2d 1141; Kingerski v. Lamey (1979), ___ Mont. ___, 604 P.2d 782, 36 St.Rep. 2316. It should be noted, however, that such case law has only dealt with an application of the rule as to prior oral agreements and subsequent contracts between the same parties in regard to the same matter. It should also be noted that distinct collateral agreements, even as between the same parties, will not merge so as to preclude a prior oral agreement. See Story v. Montforton (1941), 112 Mont. 24, 113 P.2d 507; 17 C.J.S. Contracts §381 at 451.

Upon examining the alleged oral agreement and subsequent written commission agreement, we note that the written agreement specifically deals with the rights and duties of defendant and Lincoln Benefit Life Company. The agreement

provides that defendant will be advanced up to $1,250 per month against future earned commissions and that all advances made are considered a debt to the insurance company. The alleged oral agreement, on the other hand, deals with a personal guarantee by plaintiff that defendant would receive, at a minimum, $900 per month with no obligation of repayment.

In reviewing the relationship of the two agreements in a light most favorable to defendant, we note that the alleged oral agreement is collateral as opposed to ancillary. Both agreements were entered into at approximately the same time and deal with an arrangement whereby defendant is to receive monies for selling insurance. One agreement, however, is with Lincoln Benefit Life Company and provides for a repayment of advances made. The other separate agreement is with plaintiff and allegedly provides that he personally will guarantee a set salary no matter how much defendant is required to repay the insurance company. Each agreement is distinct, separate, involves a different party and is able to stand independent of the other. With this being the case, we cannot find as a matter of law that the written agreement would supersede the alleged oral agreement.

Plaintiff points out that he also has signed the written commission agreement and thus argues he was a party to both the oral and written agreement. We agree that plaintiff was a signatory on the written agreement but only in his capacity as general agent for Lincoln Benefit Life Company. As alleged, the separate oral agreement with defendant was entered into by plaintiff in a personal capacity; thus, the fact he may have signed the written agreement will not affect a finding that the agreements are

-8-

distinct and collateral or that they were entered into by different parties.

As stated earlier we do not attempt to decide the merits of this case or to resolve the issue of fact as to whether there was an oral agreement as alleged. We merely find for the foregoing reasons that the District Court did not err in refusing to grant plaintiff's motion.

As to the deposition of Loren "Pi" Page, we note that the District Court established February 6, 1980, as the cut-off date for discovery. Loren Page's deposition was taken on February 26, 1980, and filed on March 20, 1980. The findings of fact, conclusions of law and order denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment was entered on March 11, 1980. The deposition of Page was not taken prior to the cut-off date for pretrial discovery, nor was it before the District Court at the time it ruled on summary judgment. The District Court cannot be held in error on the basis of documents not properly before it at the time it made its ruling. See Baylor v. Jacobson (1976), 170 Mont. 234, 552 P.2d 55.

The order denying plaintiff's motion for summary judgment is affirmed. Summary judgment for defendant is vacated. The cause is remanded to the District Court for trial.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices