No. 83-466

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

ALBERTA R. KRONEN,

Plaintiff and Appellant,

-vs-

VICKI RICHTER d/b/a THE
HAIR BENDER,

Defendant and Respondent.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Tipp, Hoven, Skjelset & Frizzell; Raymond P. Tipp,
Missoula, Montana

For Respondent:

Garlington, Lohn & Robinson: Candace C. Fetscher,
Missoula, Montana

---

Submitted on Briefs: February 16, 1984

Decided: July 10, 1984

JUL 10 1984

Filed:

*Ethel M. Harrison*

---

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This case comes on appeal from an order of the District Court of the Fourth Judicial District, Missoula County, granting defendant Vicki Richter, d/b/a, The Hair Bender, summary judgment. We affirm.

On August 31, 1976, while visiting her parents in Missoula, the plaintiff Alberta R. Kronen had her hair done at The Hair Bender beauty salon. She had never visited the shop before. The Hair Bender had a linoleum covered floor area for washing, cutting and styling and an elevated carpeted area towards the back of the shop where there were five hair dryers. The carpeted area was one step higher than the linoleum area of the shop.

Carol Bell, an employee of the defendant, washed and set appellant's hair and accompanied her up the step to the carpeted drying area. The plaintiff sat under a hair dryer for forty-five minutes after which plaintiff was motioned to the front of the shop by Bell. In her deposition, the plaintiff described an accident as follows:

> ". . . [T]hen when I was dry, I got out from under the hairdryer and walked toward the chair, operator's chair, and the step down from the dryer area just didn't even see it, and fell just really on the linoleum, just fell, kind of twisting my leg apparently hard." Deposition of Alberta Kronen, 11:14-18.

Regarding the steps visibility, the plaintiff explained:

> "Q. You got up yourself, then, without waiting for her [Carol]?
>
> "A. Yes.
>
> "Q. And walked, prepared to walk down the step and that's when you fell; is that correct?

"A. Right, I didn't really see the step.
It seemed like the whole floor blended
together.

"Q. But the one part was carpet and the
one part was linoleum; is that correct?

"A. Right.

"Q. If you had been looking for it, you
could see that there was a step there as
you can in these photographs; is that
correct?

"A. I think it's more obvious going this
direction toward the dryers that there is
a step than it is when you are looking
the other direction, as I remembered it.

"Q. You saw it more readily when you went
up; is that correct?

"A. Yeah, right.

"Q. But it wasn't something that was
completely hidden from view?

". . .

"Q. What I'm asking is whether or not the
step was completely hidden from your
view.

"A. Well, it may not have been hidden. I
just didn't see it." Deposition of
Alberta Kronen, 26:15-27:21.

On October 12, 1977, plaintiff filed suit against the

defendant seeking damages cause by the defendant's alleged

negligence. The plaintiff's complaint alleged that she "had

no knowledge of, nor was she advised by the operator of the

difference in said [floor] level."

On July 11, 1983, the District Court granted the

defendant's motion for summary judgment ruling that the

undisputed facts did not show that the defendant breached a

duty of ordinary care to an invitee and that the plaintiff

had failed to show that there was:

"a hidden danger in the area surrounding
the step or any unsafe condition.
Plaintiff had passed over the step once

and therefore has knowledge of its existence and location."

The plaintiff appeals, arguing the District Court erred in granting defendant's motion for summary judgment because there existed genuine issues of material fact regarding defendant's duty to warn plaintiff of a danger caused by the step in defendant's beauty salon. Similarly, the plaintiff asserts there was a genuine issue of material fact concerning comparative negligence.

Summary judgment is never to be used as a substitute for trial if a factual controversy exists. Reaves v. Reinbold (Mont. 1980), 615 P.2d 896, 37 St.Rep. 1500. Summary judgment is only proper if the pleadings, depositions, answers to interrogatories and admissions on file show there is no genuine issue of material fact. Anderson v. Applebury (1977), 173 Mont. 411, 567 P.2d 951. The standard that an appellate court applies in reviewing a grant or denial of a motion for summary judgment is the same as that utilized by the trial court initially under Rule 56, M.R.Civ.P.-- a summary judgment is proper when it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 10 Wright, Miller and Kane, Federal Practice and Procedure, section 2716 p. 643.

In the case at bar, the relationship between appellant and respondent was one of invitor-invitee. The duty owed to a business invitee is to exercise ordinary care to have the premises reasonably safe and to warn the invitee of any hidden or lurking dangers. Rennick v. Hoover (Mont. 1980), 606 P.2d 1079, 37 St.Rep. 308; Regedahl v. Safeway Stores Inc. (1967), 149 Mont. 229, 425 P.2d 335. Section 343 A (1)

Restatement (Second) of Torts (1965) provides:

> "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is know or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

In the present case, there was no evidence presented of a hidden or lurking danger on the premises that the owner should have anticipated. The owner is entitled to assume that the invitee will see and observe that which would be obvious through reasonably expected use of an ordinary person's senses. Demaree v. Safeway Stores, Inc. (1973), 162 Mont. 47, 508 P.2d 570.

The record before the District Court did not show that the respondent breached a duty of ordinary care to the appellant. Appellant did not come forth with evidence to show that there was a hidden danger or unsafe condition in the area surrounding the step. Appellant had passed over the step once and therefore had knowledge of its existence and location. She failed to see and observe that which would be obvious through reasonably expected use of an ordinary person's senses. Accordingly, respondent did not have a duty to warn appellant of an obvious danger. Demaree, supra. The appellant had the burden of coming forward with evidence that would place a genuine issue of fact before the court. Rule 56(c), M.R.Civ.P.

In National Gypsum Co. v. Johnson (1979), 182 Mont. 209, 595 P.2d 1188, this Court said that a party opposing a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings. The party's response, by affidavits or otherwise as provided in the rule

" . . . must set forth specific facts showing that there is a genuine issue for trial." In Barich v. Ottenstror (1976), 170 Mont. 38, 550 P.2d 395, this Court held that conclusory or speculative statements are insufficient to raise a genuine issue of material fact.

Appellant's assertions that others had fallen down the step and that the step blended with the floor are not supported by the record. Appellant did not produce any additional evidence that would raise a genuine issue of material fact. If the appellant possessed such evidence she had the burden of producing it and could not rely on conclusory or speculative statements. National Gypsum Co., supra. Accordingly, the District Court properly determined that the appellant's fall was due to her own negligence and there were no genuine issues of material fact concerning respondent's duty to warn and respondent's comparative negligence.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-6-

Mr. Justice Frank B. Morrison, Jr. specially concurring as follows:

I concur in affirming the summary judgment entered in favor of defendant. I further agree with adoption of the principle set forth in section 343 A (1) Restatement (Second) of Torts (1965). I advocated in a specially concurring opinion filed in Cereck v. Albertson's, Inc., 38 St.Rep. 1986, _____ P.2d _____, that this rule be adopted. Certainly the rationale of Cereck is that a duty may be owed though the condition is open and obvious if the land owner has reason to believe that despite the open and obvious nature of the condition, that injuries will nevertheless result. The language in the majority opinion which I find objectionable follows the restatement quotation and is as follows:

> "The owner is entitled to assume that the invitee will see and observe that which would be obvious through reasonably expected use of an ordinary person's senses."

This formerly was the law in Montana. The law was changed in Cereck where summary judgment for defendant was reversed though the condition was open and obvious. There is a duty to warn if the land owner anticipates that injuries will nevertheless result.

In this case plaintiff has failed to come forth with evidence creating a duty on the part of the land possessor to warn because there is no evidence showing that the land possessor, respondent here, should have anticipated plaintiff's injuries. There is a total failure of proof to show that the condition of the premises was defective or unreasonably dangerous. For these reasons, I vote to affirm the summary judgment for defendant.

Justice

7

Mr. Justice John C. Sheehy, dissenting:

I dissent. This plaintiff is entitled to have a jury determine whether the defendant was liable for her fall on the business premises of the defendant.

It is clear from the evidence here, and it is admitted in the defendant's brief on appeal that the color of the carpet on the raised portion of the business premises blended with the linoleum on the lower portion of the business premises. The majority have interpreted the plaintiff's statement that she "just didn't see it," as an indication that she did not look to determine the stair was there. It is as easy to interpret the statement to mean that having looked she could not see it because the carpet blended with the linoleum.

The majority decides, as the District Court decided that because the plaintiff had passed over the same step when she went in the opposite direction 45 minutes to one hour earlier, that she had knowledge of the step and therefore knew of its existence on the return trip. That interpretation establishes a test that goes beyond what might be expected of a reasonably prudent, ordinary person; it is a test for superhumans. I doubt that any of us could remember in detail the elevations in a strange business premises one hour after we had passed over the same for the first time.

This woman rose from the hair dryer, and returned to the step at the beckoning of the attendant in the business. She sustained a dangerous fall which injured her and resulted in a fracture to a bone in her ankle because she "just did not see" that the carpet was blended with the linoleum, and actually was 6 inches higher than the linoleum. It should be

a jury decision as to whether she was trapped by these innocent looking premises.

This case should be submitted to the jury on the issue of whether the business operator of the premises should have anticipated the danger lurking in the coloration of the linoleum and the carpet so as the raise a duty to warn customers or alter the premises.

One need only read the majority opinion to realize that a fact issue exists in this case. Most of the majority opinion is an interpretation of the facts, and always against the plaintiff. Interpretation of facts is jury business, not court business.

The probability that plaintiff will not prevail at trial is no justification for granting summary judgment. It may appear that recovery is very remote, but that is not the test. If there is a genuine issue of material fact, summary judgment is not appropriate. Rule 56(c), M.R.Civ.P.

John G. Sheehy
Justice

Mr. Justice Fred J. Weber dissents as follows:

I respectfully dissent from the majority opinion. I agree with Justice Sheehy that because there are genuine issues of material fact, summary judgment is not appropriate under Rule 56(c), M.R.Civ.P.

_____
Justice


Mr. Justice Daniel J. Shea:

I join in the dissent of Mr. Justice Sheehy.

_____
Justice

10