CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Plaintiff Eiselein appeals from a summary judgment granted to defendants by the Montana Fourteenth Judicial District Court, Musselshell County. We affirm.
The issues are:
1. Did the District Court err in denying Eiselein’s motion for partial summary judgment?
2. Was summary judgment for defendants improper because there are genuine issues of material fact or the defendants are not entitled to judgment as a matter of law?
Plaintiff Eiselein is the assignee for several persons who operated the Eiselein Ranch (Ranch) in Musselshell County, Montana. The Ranch borrowed operating funds from defendant Montana Bank of Roundup (Bank) for a number of years. Defendant Montana Bancsystem, Inc., is the Bank’s holding company.
Plaintiff contends that in January 1987, the Bank’s president, Richard Swanz, told the manager of the Ranch, Lou Grosskop, that the Bank would lend $30,000 to the Ranch in 1987 for “anything we wished to buy.” Plaintiff also contends that in April 1987, Swanz made a verbal commitment to Grosskop to lend the Ranch approximately $150,000 to buy 200 to 250 head of cattle.
In June of 1987, the Bank made a $35,000 loan to the Ranch. That loan was memorialized in a promissory note. The Ranch bought swine with the loan proceeds, granting the Bank a security interest in sixty-four pigs.
In September of 1988, following financial difficulties, plaintiff filed *73 this lawsuit on behalf of the Ranch, claiming damages for the Bank’s failure to keep a commitment to loan the Ranch $150,000. Her complaint includes counts of breach of warranty, fraud, negligent misrepresentation, promissory estoppel, breach of the obligation of good faith imposed under the Uniform Commercial Code, and breach of an implied covenant of good faith and fair dealing. The District Court dismissed the claim for breach of warranty and Eiselein has conceded judgment on her claim for tortious breach of the covenant of good faith and fair dealing.
In the order from which this appeal is taken, the District Court denied Eiselein’s motion for partial summary judgment that the Bank committed to loan the Ranch $150,000. The court granted defendants’ motion for summary judgment, ruling, inter alia, that even if the alleged April 1987 commitment was made, it was extinguished by the June promissory note pursuant to the doctrine of merger.
I.
Did the District Court err in denying Eiselein’s motion for partial summary judgment?
Summary judgment is proper only when the pleadings, depositions, answers to interrogatories, and admissions, together with any affidavits filed, show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. In arguing for partial summary judgment, Eiselein cites the testimony of Jon Eiselein and Ranch manager Grosskop that, on or about April 6, Bank president Swanz told Grosskop to go ahead and start buying cattle and told Jon Eiselein that the loan would go through. She also cites Swanz’s deposition testimony that he did not recall the conversations in question and that they could have occurred.
Eiselein argues that Swanz’s affidavit submitted in connection with the motions for summary judgment is too conclusory to serve as a reason to deny her motion for summary judgment. In his affidavit, Swanz stated that
“Although Ms. Grosskop may conceivably have made such a request, I did not make a commitment to loan approximately $150,000.00 to the Eiselein Ranch in 1987 .... The only amount I committed to loan to the Eiselein Ranch in 1987 was $35,000.00.”
Attached to his affidavit was a copy of the $35,000 promissory note.
We conclude that Swanz’s affidavit is sufficient to demonstrate *74 that there is a genuine dispute of fact as to whether an oral commitment was made to make the $150,000 loan. This precludes Eiselein’s request for summary judgment on this issue. See Reaves v. Reinbold (1980), 189 Mont. 284, 615 P.2d 896. We hold that the District Court did not err in denying Eiselein’s motion for summary judgment.
II.
Was summary judgment for defendants improper because there are genuine issues of material fact or the defendants are not entitled to judgment as a matter of law?
In granting defendants’ motion for summary judgment, the District Court relied on the doctrine of merger: evidence of prior oral agreements is inadmissible where there is a subsequent written agreement as to the same subject, into which it is assumed all prior oral agreements are merged. First Nat. Mont. Bank of Missoula v. McGuiness (1985), 217 Mont. 409, 417, 705 P.2d 579, 584. The court ruled that any verbal obligation to loan $150,000 to the Ranch was merged into the subsequent written agreement to loan the Ranch $35,000. Under the doctrine of merger, the factual dispute about whether Swanz made a verbal commitment to loan $150,000 is irrelevant, because any evidence as to such a verbal commitment would be inadmissible in court.
Eiselein argues that the doctrine of merger does not apply in this case. She cites this Court’s opinion in Blome v. First Nat. Bank of Miles City (1989), 238 Mont. 181, 776 P.2d 525. In one part of that opinion, this Court stated that “no oral representations by any bank officers may be found which would bind the Bank to perform as the Blomes contend.” Blome, 776 P.2d at 528. But, as defendants point out, that statement did not appear within and was not relevant to this Court’s discussion of the doctrine of merger.
Eiselein also argues that the Bank’s commitment to make a $150,000 loan to the Ranch was for cattle and was completely separate and distinct from its commitment to make the loan for hogs consummated in the June promissory note. She asserts that the doctrine of merger does not, therefore, apply.
We disagree. In Blome, the Blomes brought suit against their bank for failure to comply with an agreement to provide them with financing for their farming operation as long as they needed it with repayment to be made when they were able. This Court ruled that the doctrine of merger applied and that it barred the Blomes’ claims, even *75 though the alleged oral promise was for the purchase of feeder cattle and the later loans into which that promise was merged were for such things as a grain hopper and a truck. Blome, 776 P.2d at 527, 528. In the present case, ranch manager Grosskop characterized all funds sought from the Bank as for “our year’s operation.” She also admitted that she was aware at least by May 11, 1987, that the $150,000 loan would not be made. She nevertheless accepted and signed the promissory note for $35,000.
We agree with the District Court that the alleged $150,000 commitment and the $35,000 promissory note both dealt with financing for operation of the Eiselein Ranch. We also agree with the District Court’s statement that “[t]o argue that the existence of an oral representation can preclude merger is contradictory and insupportable.” We hold that the District Court did not err in granting summary judgment for defendants.
Affirmed.
JUSTICES HARRISON, HUNT and WEBER concur.