JUSTICE TRIEWEILER
dissenting.
I dissent from the majority’s conclusion that the District Court correctly dismissed the Dvoraks’ counterclaim for punitive damages based on fraud.
Pursuant to Rule 56, M.R.Civ.P., summary judgment is only appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In deciding whether there is an issue of fact, the party opposed to summary judgment is entitled to all reasonable inferences which may be drawn from the offered proof. Brown v. Merrill Lynch (1982), 197 Mont. 1, 9, 640 P.2d 453, 457; Reaves v. Reinbold (1980), 189 Mont. 284, 287, 615 P.2d 896, 898. Any doubt is to be resolved in favor of the party opposing *159 summary judgment. Reagan v. Union Oil Co. (1984), 208 Mont. 1, 7, 675 P.2d 953, 956.
I conclude that the affidavits attached to the Dvoraks’ memorandum in opposition to Northwest’s motion for summary judgment were sufficient to raise factual issues regarding the Dvoraks’ claim that they were induced to purchase a truck from Northwest by fraudulent representations.
For example, Robert G. Wittman operates a service shop where trucks are rebuilt and serviced, and where body work is performed. He inspected the truck purchased by the Dvoraks and swore in his affidavit that the truck had, at some time, sustained damage to its body, the engine had been in another truck, and numerous parts were not installed at the factory. The affiant also stated that the truck had been painted somewhere other than at the factory and that the new paint did not match the factory paint. In fact, there was evidence that the entire cab had been removed and substantial work done on the truck.
The Dvoraks testified that none of the work described in Wittman’s affidavit was done while they owned and operated the truck, and that no one else had possession of the truck for a sufficient period of time within which to perform such extensive work after its purchase.
Northwest represented to Dvoraks that the truck it sold them was new. The affidavits offered evidence that it was not new. Obviously, the dealer’s representation was material to the Dvoraks’ decision to purchase the truck.
Knowledge of the speaker’s falsity can never be proven directly unless the speaker admits that he lied. Therefore, to prove fraud, knowledge must normally be inferred based on all of the circumstances. In this case, the truck in question was delivered to Northwest in December 1986 and was in its possession until sold to Dvoraks on June 1, 1987. The truck was presumably inspected by Northwest after delivery from the factory and prior to resale. If the conditions which were noted by those persons who filed affidavits in support of Dvoraks’ claim were present prior to sale, it can be inferred that they were equally apparent to the qualified service people working for Northwest.
Likewise, it can be inferred that when a purchaser comes into a new car or truck dealership, the dealer intends that person to rely on his or her representations that the vehicle being sold is new, as opposed to used. Finally, it can be inferred that when a purchaser pays the price appropriate for a new vehicle, as opposed to a dis *160 counted price for a used or damaged vehicle, that purchaser relied on representations by the dealer that the vehicle was new.
It was not necessary in order for the Dvoraks to prevail on their claim for fraud that they prove appreciable out-of-pocket loss. Section 27-1-204, MCA, provides that “[w]hen breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages.” Furthermore, § 27-1-221, MCA, provides that “reasonable punitive damages may be awarded when the defendant has been found guilty of actual fraud ....”
In Lauman v. Lee (1981), 192 Mont. 84, 89, 626 P.2d 830, 833, we held that nominal damage may serve as the basis for a punitive damage award, even where the amount of actual damage is elusive. Certainly, in this case, if the Dvoraks purchased a used and repaired truck for the price of a new truck, they received less than they bargained for at the time of sale, even though over the long term, their use of the truck was not adversely affected. As pointed out in Lauman, where some actual damage can be presumed, based on the breach of a legal duty, punitive damages may be awarded even where the finder of fact assigns no value to the actual damages sustained.
For these reasons, I would reverse the District Court’s dismissal of the Dvoraks’ claim based on fraud, and remand this case to the District Court for retrial of all issues, including the claims of fraud and breach of contract. Based on this conclusion, I would not address the remaining issues discussed in the majority opinion.
JUSTICE HUNT joins in the foregoing dissenting opinion.