No. 05-326

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 107N

_____

CRAIG BUSS and LORNA BUSS,

        Plaintiffs and Appellants,

    v.

BILL M. JONES and LOIS K. S. JONES,

        Defendants and Respondents.

_____

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and for the County of Missoula, Cause No. DV-03-896
                    The Honorable John S. Henson, Judge presiding.


COUNSEL OF RECORD:

        For Appellants:

                Carolynn M. Fagan and Zane Sullivan, Sullivan, Tabaracci & Rhoades,
                P.C., Missoula, Montana

        For Respondents:

                Donald V. Snavely, Snavely Law Firm, Missoula, Montana


_____

Submitted on Briefs:  April 19, 2006

Decided:  May 16, 2006

Filed:

_____
                    Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Craig and Lorna Buss (collectively Buss) appeal from the District Court's Order granting the motion for summary judgment filed by Bill M. Jones and Lois K. S. Jones (collectively Jones) regarding Buss's claim that Jones had agreed to sell Buss a parcel of real property in the Marvin Gardens Subdivision in Missoula.  We reverse and remand.

¶3     Buss argues that Jones agreed to sell Lot 3 of Marvin Gardens Subdivision in Missoula County in March 2000.  Buss paid Jones a total of $50,000 for the property in three installments with the final payment occurring in October 2000.  Buss contends that part of the oral agreement gave Jones exclusive right to build the house for Buss on the property.  No written agreement memorialized this transaction.

¶4     Jones agrees for purposes of the summary judgment motion that Jones and Buss had entered into a verbal agreement for the sale of Lot 3 in the spring of 2000.  Jones further agrees that Buss made three installment payments totaling $50,000 and that Jones had an exclusive right to build a house for Buss on the property.  Jones contends, however, that Buss had to perform two additional requirements before the parties could enter into a construction contract, namely, that Buss had to sell their existing home and

2

Buss had to provide the floor plans and details for the Buss's new home in Marvin Gardens to Jones so that Jones could prepare building plans. Jones contends that Buss had failed to perform either of these requirements by October 2003 when Buss sold the lot to a third party. Buss disputes the existence of these additional requirements.

¶5 We review *de novo* an order granting summary judgment. *Cole v. Valley Ice Garden, L.L.C.,* 2005 MT 115, ¶ 16, 327 Mont. 99, ¶ 16, 113 P.3d 275, ¶ 16. We use the same standard used by the trial court, first whether issues of material fact exist and, if not, whether the moving party is entitled to summary judgment as a matter of law. Rule 56(c), M.R.Civ.P.

¶6 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court improperly granted summary judgment in light of the existence of numerous issues of material fact, including whether the agreement between the parties required Buss to perform the additional requirements of selling their house and providing plans to Jones before the contract could be completed. The District Court appears to have resolved these disputed facts in granting summary judgment for Jones and the District Court thereby improperly substituted summary judgment for a trial on the merits of the content of the agreement between the parties. *See Reaves v. Reinbold* (1980), 189 Mont. 284, 287-88, 615 P.2d 896, 898.

¶7 Reversed and remanded.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE


Justice Patricia O. Cotter dissents.

¶8     I dissent.  While as a general rule, we do not dispose of cases on theories neither raised by the parties nor addressed by the district court, I would invoke an exception here. As we have said previously, "a court may consider an issue 'antecedent to . . . and ultimately dispositive of' the dispute before it, even an issue the parties fail to identify and brief."  *Leichtfuss v. Dabney*, 2005 MT 271, ¶ 37, n.8, 329 Mont. 129, ¶ 37, n.8, 122 P.3d 1220, ¶ 37, n.8 (quoting *United States Nat. Bank of Ore. v. Independent Ins. Agents of America, Inc.* (1993), 508 U.S. 439, 447, 113 S.Ct. 2173, 2178, 124 L.Ed.2d 402). Here, there is an antecedent statute that is "ultimately dispositive" of the case before us, and I would apply it even though neither the parties nor the District Court did so.

¶9     This case falls squarely under the Statute of Frauds.  Section 28-2-903(1), MCA, provides that certain agreements "are invalid unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged . . . ."  This rule applies to any agreement for the sale of real property or any interest therein.  Section 28-2-903(1)(d), MCA.  Here, there is no written memorandum of the agreement to buy and sell real estate.  Thus, I would apply the Statute of Frauds and affirm the District Court under a right result—wrong reason rationale.  I dissent from our refusal to do so.

/S/ PATRICIA COTTER

4