MICHAEL L. JENKINS, Plaintiff and Appellant, *v.* VALLEY GARDEN RANCH, INC., formerly known as Win-Del Ranches, Inc., Defendant and Respondent.

No. 11353.
Submitted June 6, 1968. Decided July 10, 1968.
Rehearing Denied August 19, 1968.
443 P2d. 753.

464

Lee Overfelt and Howard C. Foreman, Howard C. Foreman, argued, Billings, for appellant.

Charles F. Angel, Bozeman, William J. Speare, Billings, Poore, McKenzie, Roth & Robischon, James A. Robischon, argued, Butte, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal by plaintiff from a judgment entered in favor of defendant. The plaintiff-appellant is Michael L. Jenkins, and will be referred to as plaintiff. The defendant-respondent is Valley Garden Ranch, Inc., formerly known as Win-Del Ranches, Inc., and will be referred to as defendant.

After dark on October 16, 1964, the plaintiff was riding as a guest passenger of Wayne Duggleby on highway 287-A, traveling from Norris, Montana, to the Duggleby residence in Jeffers. As they "topped a hill" there were two cows on the highway. Mr. Duggleby drove to the left of one and hit the other. The plaintiff was thrown from the car into a swamp and suffered extensive injury to one of his legs.

The cows were owned by the defendant, and testimony at the trial indicated that they came from the defendant's pasture east of the highway. Defendant owned and maintained the fences. The testimony further established that the highway on which the accident occurred was part of the federal-aid primary system. Plaintiff contends that the defendant was negligent in allowing unherded cattle to occupy the fenced right of way of the highway and willfully permitted the livestock to stray onto the public highway in violation of sections 32-1018 through 32-1020, R.C.M.1947.

Defendant moved for a directed verdict in his favor at the close of the plaintiff's case. The district court granted the motion on the grounds that plaintiff failed to prove a violation of the statute.

The first issue presented on appeal is whether the livestock owner has a duty to exercise reasonable care in containing his livestock in areas adjacent to public highways. Montana has been open range country even before it became a state. This court recognized in Montgomery v. Gehring, 145 Mont. 278, 283, 400 P.2d 403, 406, the fact that Montana remains an open range state:

"One releasing his livestock onto lands where he has a right to do so is under no duty to restrain them from entering another's unenclosed land. Such livestock owner is not responsible for damages occasioned by the entry of his livestock on such unfenced land through following their natural instincts. The exception to this of course, is willful or intentional herding or driving of livestock onto another's unfenced land or placing them so near that trespass is bound to occur." Cited also in Bartsch v. Irvine, Co., Mont., 427 P.2d 302, 305 (1967), 24 St.Rep. 406,

This Court in Bartsch, supra, clearly affirmed the application of the open range doctrine to straying animals upon the public highway and held:

"Thus, in open range country, the owner of livestock or one upon whose land such livestock is being pastured, has no duty to prevent the livestock from wandering. Since he has no duty to prevent such wandering, he cannot be said to be negligent if the livestock do wander—even if such wandering takes them onto a highway right of way which runs through the open range."

The second issue presented is whether sections 32-1018 through 32-1020, R.C.M.1947, as amended, are applicable to this case. The Bartsch case suggests that a violation of sections 32-1018 through 32-1020 would give rise to an action for dam-

ages where such violation was the proximate cause of the damages. The record in this case indicates plaintiff failed to show a violation of the statutes, however.

Section 32-1018 states that the owner or one entitled to possession of any livestock, shall not "willfully permit any such livestock to graze, remain upon or occupy any part of the right of way of any state highway" except under certain conditions described in section 32-1019. Under section 32-1019 the owner of livestock is permitted to willfully allow his livestock to graze, remain upon or occupy "such parts of fenced highways adjacent to open range where no highway device has been installed to exclude livestock therefrom." There is no proof there was a highway device installed to exclude livestock in this case so section 32-1018 could apply. This Court holds that the term "highway device * * * installed to exclude livestock therefrom" includes fences, gates, cattle-guards or fencing on interstate highways, etc. which are installed and maintained by a governmental authority. This meaning is consistent with the definition of official traffic control devices in section 32-2119, R.C.M.1947: "All signs, signals, markings, and devices not inconsistent with this act placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning, or guiding traffic."

The plaintiffs also failed to prove under section 32-1018 that the defendant had willfully permitted the livestock to be on the highway. In section 19-103, R.C.M.1947, the definition of "willfully" is set forth:

"The word 'willfully' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage."

Evidence introduced by the plaintiff did not show that the defendant purposely or knowingly permitted livestock

on the highway. In fact, the highway patrolman, plaintiff's witness, testified that he had seen men building fences that summer and stated that the fences on the east side of the highway were in generally good repair. There was evidence introduced that whenever a few cows were found on the highway, the defendant would remove them and repair the fences. At no time did it appear there was a great number of livestock upon the road at once. Witnesses at the trial testified they had seen cows on the highway right of way on infrequent occasions over a long period of time. This also indicates the livestock were on the highway without the knowledge or consent of the defendant. There was no testimony showing that there was any willful act or purpose on the part of the defendant to allow the livestock to graze, remain upon, or occupy the highway right of way.

We have examined the cases and authority cited by plaintiff-appellant but find them not applicable. If the plaintiff had a case at all, it was under sections 32-1018 through 32-1020, R.C.M.1947, and the district court was correct in finding no case and granting a directed verdict. Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, ADAIR and JOHN C. HARRISON, concur.