No. 85-308

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

ESTHER SIEGFRIED,

       Plaintiff and Appellant,

  -vs-

IRVIN ATCHISON,

       Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Moulton, Bellingham, Longo & Mather; Ward Swanser,
Billings, Montana

    For Respondent:

        Anderson, Brown, Gerbase, Cebull & Jones; Steven J.
Harman, Billings, Montana

_____

Submitted on Briefs: Aug. 29, 1985

Decided: December 5, 1985

Filed:  DEC - 5 1985

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order for summary judgment of the District Court, Thirteenth Judicial District, Yellowstone County, the Honorable Charles Luedke, District Judge. We affirm.

Appellant Esther Siegfried was injured in an automobile accident which occurred before daylight on Blue Creek Road, a county road, near Billings when she veered to the right to avoid hitting a horse which was standing in the middle of the road. The horse belonged to Irvin Atchison. Siegfried's car left the pavement and she overcorrected, losing control of the vehicle, which slid across the highway and onto its top in a ditch. As a result of the accident, surgery was performed on both of Mrs. Siegfried's hands. She filed a complaint alleging three theories of liability--negligence, res ipsa loquitur, and strict liability. Respondent Atchison moved for summary judgment pursuant to Rule 56, M.R.Civ.P., which was granted. Siegfried appeals the negligence and res ipsa loquitur issues.

The Court will consider only whether open range designation is a question of law or a question of fact. Summary judgment is proper only if the record discloses no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Reaves v. Reinbold (Mont. 1980), 615 P.2d 896, 37 St.Rep. 1500.

Siegfried argues that fencing negates the benefits enjoyed by livestock owners under Montana's open range law and the summary judgment should not be granted because the question whether the accident occurred on open range was one of fact for the jury. Montana was open range country before

2

it became a state. Under range law, land owners must fence out intruding livestock by lawful enclosure, although there is some legislative erosion of this doctrine. The seeming inconsistencies in the case law result from the classification of the highway involved and the date of its construction or reconstruction. A livestock owner has a duty to keep his livestock from wandering onto a highway that is part of the federal-aid primary system or the national system of interstate and defense highways. See Ambrogini v. Todd (Mont. 1982), 642 P.2d 1013, 39 St.Rep. 400. This duty is not imposed otherwise. See Jenkins v. Valley Garden Ranch, Inc. (1968), 151 Mont. 463, 443 P.2d 753; Bartsch v. Irvine Co. (1967), 149 Mont. 405, 427 P.2d 302; Thompson v. Mattuschek (1959), 134 Mont. 500, 333 P.2d 1022; Beinhorn v. Griswold (1902), 27 Mont. 79, 69 P. 557; Monroe v. Cannon (1900), 24 Mont. 316, 61 P. 863.

The question when open range ceases to be open range is particularly acute as it pertains to modern highways and high-speed automobiles. The legislature has begun to address the problem. Stock owners no longer are held to the standard of willfully allowing their animals to graze on fenced federal and state highways, but now are liable if they permit their

> . . . livestock to graze, remain upon, or occupy a part of a right-of-way of:
>
> (1) a state highway running through cultivated areas or a part of the fenced right-of-way of a state highway if in either case the highway has been designated by agreement between the highway commission and the secretary of transportation as a part of the national system of interstate and defense highways; or
>
> (2) a state highway designated by agreement between the highway commission

3

> and the secretary of transportation as a
> part of the federal-aid primary system,
> except as provided in 60-7-202.

Section 60-7-201, MCA.

Siegfried asserts the presence of fences signals the demise of open range. No authority is cited for this proposition, nor can we find any. There is evidence of fencing in both Bartsch and Jenkins, supra. See also Fries v. Shaughnessy (1972), 159 Mont. 307, 496 P.2d 1159. Nor do the statutes so provide. The Highway Department is required statutorily to fence the right-of-way of any highway in the state system constructed or reconstructed after July 1, 1969, which passes "through open range where livestock present a hazard to the safety of the motorist." Section 60-7-103(1), MCA. The record shows Blue Creek Road, secondary highway 416, is not one of those highways off which Atchison was obligated to keep his livestock, pursuant to § 60-7-201, MCA. The presence of privately constructed fences along the highway right-of-way does not indicate the area is not open range.

Nor does lack of designation of open range in the Yellowstone County Jurisdictional Area Zoning Plan legally eradicate open range designation. Zoning regulations are designed to foster compatible development of competing interests, but there is nothing in the statutes to indicate zoning regulations change the open range designation of an area. They do not change the liabilities of persons living on the land affected.

Clearly open range designation is a legal determination. The party moving for summary judgment has the initial burden of establishing the complete absence of material fact. Rumph v. Dale Edwards, Inc. (1979), 183 Mont.

4

359, 600 P.2d 163. Atchison met this burden. The record discloses no genuine issue of material fact and the burden shifts to Siegfried to present substantial evidence raising the issue. "Once the burden has shifted, the party opposing the motion is held to a standard of proof which is as substantial as that initially imposed upon the moving party." Rumph, supra at 183 Mont. 366, 600 P.2d at 167. This burden was not met.

The accident occurred on a secondary highway which ran through an open range. Because the highway is not part of the national system of interstate and defense highways or part of the federal-aid primary system, owners of livestock are not legally obligated to keep their livestock off any part of the right-of-way. There is no genuine issue of material fact. The order of the District Court granting summary judgment is affirmed.

Justice

We concur:

Chief Justice

Justices