No. 86-414

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

STATE OF MONTANA, ex rel.,
TOM and LILLIAN MARTIN, et al.,

        Plaintiffs/Respondents,

  -vs-

GEORGE FINLEY and EVELYN FINLEY,
husband and wife,

        Defendants/Appellants.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Mineral,
Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kammerer Law Offices, P.C., Clinton H. Kammerer,
Missoula, Montana.

    For Respondent:

        Shaun Donovan, Mineral County Attorney,
Superior, Montana.

---

Submitted: June 1, 1987

Decided: June 23, 1987

Filed: JUN 2 1987

*(signature)* Ethel M. Harrison

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from an order issued by the District Court of the Fourth Judicial District in and for Mineral County. The District Court utilized the public nuisance doctrine to require a livestock owner to prevent his cattle from running upon the public roadways within an open range area. We reverse and remand in part and affirm in part.

The material facts of this case are not in dispute. George and Evelyn Finley are a married couple who own roughly 500 acres of land in Mineral County, Montana. The Finleys purchased their property in 1952, have lived on the land since 1965, and since about 1975 have raised a small number of livestock. The Finleys' land is not fenced and the entire surrounding area is open range. The surrounding countryside is mixed forest and range and is bisected by public dirt and gravel county roads.

The Mineral County Sheriff's Department received over the years a relatively large number of complaints lodged by neighbors against the Finleys' wandering livestock. No action was taken, however, until the fall of 1984, following an increase in the number of reported incidents involving wandering cattle. On November 15, 1984, the State of Montana, on behalf of Tom and Lillian Martin and forty-seven other named plaintiffs, filed this action seeking injunctive relief.

In its complaint, the State, arguing that the Finleys' loose livestock constituted a public nuisance, sought to enjoin the Finleys from allowing their livestock to wander beyond their property. The State argued that the Finleys' livestock constituted a public nuisance because (1) the livestock interfered with the plaintiffs' free use and enjoyment of their property, § 45-8-111(1)(a), MCA, and (2)

2

the livestock ran at large upon public roads causing hazardous road and driving conditions, § 45-8-111(1)(c), MCA.

Following a show cause hearing, the District Court issued an order on December 3, 1984, granting a preliminary injunction. The court, in relevant part, found that the unrestrained wanderings of the Finleys' livestock on public roadways constituted a public nuisance. Also, in a finding relevant to a separate issue on appeal, the court found that the Finleys owned a bull which was not certified as purebred and therefore could not, pursuant to § 81-4-210, MCA, run at large.

The Finleys responded with a motion to dissolve the preliminary injunction. But in separate orders issued in May 1986, the District Court denied the Finleys' motion and ordered that this nuisance be abated. Specifically, the court found that the presence of the Finleys' livestock upon the public roads of Mineral County constituted a public nuisance as defined by § 45-8-111(1)(c), MCA, and ordered the Finleys to prevent their livestock from running upon these roads. Further, the court repeated its earlier finding that the Finleys were allowing an unregistered bull to run free on the open range and ordered the Finleys to confine this bull until they demonstrated it was purebred in accordance with the statutory requirements. From this order the Finleys appeal.

We are asked in this case to determine whether the public nuisance doctrine may be used to require a livestock owner to restrain his stock from the county roadways located in an open range area.

Montana since before its admission to the Union has been an open range state. This status is presently codified at § 81-4-203, MCA, which provides:

> In 81-4-204, 81-4-207, and 81-4-208, the term "open range" means all lands in the state of Montana not enclosed by a fence of not less than two wires in good

3

repair. The term "open range" includes all highways outside of private enclosures and used by the public whether or not the same have been formally dedicated to the public.

The types of animals which may not roam free on the open range are specified by statutory exception. Sheep, swine and goats may not run on the open range. Section 81-4-201, MCA. Male equine animals may not run on the open range, equine animal defined as any stallion, ridgeling, unaltered male mule or jackass over the age of one year. Section 81-4-204, MCA. Bulls which are not purebred of a recognized line may not run at large and no bull, purebred or not, may be turned loose on the open range between December 1 and June 1. Section 81-4-210, MCA.

Under the definitional statute of open range, all highways in the state are included under the open range concept. However, with the steady increase of motor travel, refinement of the open range concept was proven necessary. In Montana, this refinement was undertaken by the legislature in 1974. Sections 60-7-101 et seq., MCA, obligate the State Department of Highways to fence certain rights-of-way and §§ 60-7-201 et seq., MCA, renders livestock owners liable for negligent conduct which results in the presence of their stock on certain rights-of-way. See Ambrogini v. Todd (1982), 197 Mont. 111, 120, 642 P.2d 1013, 1018. In the instant case, the only possibly relevant statute is § 60-7-201, MCA, which, because it is limited to the rights-of-way of state highways, is inapplicable to the county roads at issue in this case.

Thus, the livestock owner in this case is under no statutory obligation to prevent his stock from wandering upon county roads. And the case law of this state has never imposed such an obligation. See Jenkins v. Valley Garden Ranch, Inc. (1968), 151 Mont. 463, 443 P.2d 753; Bartsch v. Irvine, Co. (1967), 149 Mont. 405, 427 P.2d 302.

4

The law of the open range remains the law of this state. The exceptions enacted by the legislature have been carefully crafted. We are now asked to apply a very general public nuisance statute to specific open range provisions. The use of a statute, external from the statutory livestock chapter, to impose an additional duty upon livestock owners is suspect.

Unfortunately, the remedies traditionally utilized by neighbors of stock owners are unavailable here. Because the wanderings of the livestock in question occur on public roads, neighbors cannot fence out and sue for trespass. Additionally, the commissioners of Mineral County concluded that a herd district could not be formed in this area. Section 81-4-301(1), MCA, requires that twenty-five percent or more of the land in any herd district be "in actual cultivation or being used for residential purposes." The commissioners were advised that more than seventy-five percent of the land in Mineral County is owned by the federal government and administered by the United States Forest Service. The question was raised whether forestry silviculture programs could fit within the definition of "cultivation." The commissioners were advised that the programs could not so fit and concluded that a herd district could therefore not be implemented. This question was not pursued by the State and was not addressed on appeal.

We recognize that the unrestrained wanderings of livestock on county roads poses potential hazards to motorists and pedestrians alike. However, we find as a matter of law that the public nuisance abatement statutes should not be utilized to require a livestock owner to prevent his or her stock from running free on county roads in an open range area.

Next, we affirm the District Court's order requiring the Finleys to confine their bull until they demonstrate that this animal is purebred in accordance with statutory

5

requirements. Sections 81-4-210, MCA, and 81-4-211(2), MCA, are statutory limitations to the open range law, imposing procedural certification or grading requirements upon a stockowner before an owner may allow a bull to run at large.

This action is remanded for further proceedings consistent with this opinion.

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_William E. Hunt_

_L. C. Gulbrandson_

_John C. Sheehy_

_R. C. McDonough_
Justices